GEORGE H. HEALY VS. O. J. LOOFBOURROW, *et al.*

1. WRIT OF PROHIBITION—*Appeal, When Will Not Lie*—An appeal will not lie to this court from the action of the judge of the district court granting a writ of prohibition at chambers, before final judgment in the action.

2. PRACTICE IN THE SUPREME COURT—*Questions Not Considered There for the First Time*—As a general rule the supreme court of this territory will not consider for the first time, on appeal, questions not presented in the cause in the court below.

*Error from the District Court of Beaver County.*

An appeal is brought here from the action of the judge of the district court of the Second judicial district, at chambers, granting a writ of prohibition against Carter Tracy, probate judge of Beaver county, prohibiting him from further considering an action brought by George H. Healy against O. J. Loofbourrow, as treasurer, Frank D. Healy, as sheriff, and the board of county commissioners of the county of Beaver, Oklahoma Territory, to restrain the collection of certain taxes.

*Talcott Ormsbee,* for plaintiff in error.

The opinion of the court was delivered by

BIERER, J.: There is nothing before this court at this time for its consideration upon the merits in this case.

It appears from the record that a writ of prohibition was issued by order of the judge of the Second judicial district at chambers, prohibiting Carter Tracy, probate judge of Beaver county, Oklahoma Territory, from hearing an action, and prohibiting George H. Healy from prosecuting an action, in the probate court of Beaver county, to restrain the defendants from proceeding to collect certain taxes levied against the plaintiff, George H. Healy; and the writ required an answer to be made by the defendants in said cause in the district court on or before the 8th day of May, 1894. This writ was granted on the 6th day of December, 1893, and an appeal was filed in this court on the 8th day of January, 1894. No judgment has ever been rendered in said cause in the district court of Beaver county, nor does it appear that any motion has ever been made by the judge of the probate court of Beaver county, or by the plaintiff in this case, or by any other person, to set aside the action of the district judge at chambers, in granting the writ of prohibition against the probate judge, prohibiting him from hearing said cause, and against George H. Healy, prohibiting him from prosecuting said cause.

This is not a final judgment or order from which an appeal may be taken to this court. No final judgment has ever been rendered, and probably, if the contention of the plaintiff upon the questions of law, which we in no way decide in this case, is correct, and the same is brought to the attention of the district court, no final judgment ever will be rendered against the party appealing, and he will have no cause to complain in this court.

No final judgment having been rendered in this cause, this appeal will not lie. (*A. T. & S. F. R. R. Co. vs. Brown*, 26 Kan. 443).

There is another reason why the action of the district judge complained of cannot be reviewed here.

The writ of prohibition was granted at chambers without notice and without any appearance on the part of the probate judge of Beaver county or on the part of this appellant, and they have not, so far as the record shows, made any motion or any application of any kind to the district court or the judge thereof, to set aside this order.    The questions he raises have never in any way been raised in the district court or before the judge, in order that the district court or the district judge might first pass upon the same; and this court will not, as a general rule, consider for the first time, on appeal, questions not presented in the cause in the court below.    Such a practice would not only be unnecessarily burdensome upon the supreme court, but would be entirely unfair to the district courts. (*Kansas Pacific Ry. Co. vs. Mihlman*, 17 Kan. 224).

For these reasons the appeal will be dismissed.

By the court: It is so ordered.

Burford, J., not sitting; all the other Justices concurring.