## MESHACK COUCH v. EDWARD ORNE.

1. INJUNCTION—*Temporary Order- -When Not Disturbed by Supreme Court.* When a judge of a district court issues a temporary injunctional order, without notice to the defendant in the case, after the answer of defendant was on file, *held,* that the supreme court will not consider an assignment of error predicated upon such alleged erroneous action, until after the matter has been presented for correction to the judge making the order.

2. SAME—*Discretion of the Court.* In an action pending in the district court, wherein the pleadings disclose that an injunctional order will prevent irreparable injury to one of the parties to the litigation, the granting of such order is entirely within the discretion of the court.

*Error from the District Court of Oklahoma County.*

Appeal from Oklahoma county for the purpose of reversing a temporary injunctional order issued by the judge of the district court of such county.

*Amos Green & Son* and *E. B. Green*, for plaintiff in error.

*J. H. Everest* and *W. S. Field*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: On February 8, 1894, Edward Orne filed in the district court of Oklahoma county, a petition for injunction, for the possession of a certain tract of land located in Oklahoma county, and which said tract had previously been in contest between Orne and one Meshack Couch. From the pleadings it appears that the contest proceeding was instituted in 1889, in the local land office, by Edward Orne against Meshack Couch and that the land department, after having the same under consideration, rendered its final decision in the contest case, awarding the land to Orne. That the original homestead entry was placed upon the land by Couch; that said entry was cancelled and Orne permitted to file his homestead entry for the tract of land in dispute, and Orne brought the action in the lower court for the purpose of obtaining a mandatory and prohibitory injunction against Couch, requiring Couch to remove from the land and to cease further trespassing or interfering with Orne's possession and use thereof. The court below issued a temporary injunction which gave to Orne the use and occupancy of all of the tract of land, except a portion upon which Couch had his buildings and improvements and some growing wheat. The defendant answered to the petition generally denying the right of Orne to the injunctional order, and while the matter was in that condition, Orne made a further showing that the wheat, standing and growing upon the land at the time the first injunctional order was issued, had been harvested, and the court thereupon issued a supplemental order of injunction, without notice to Couch, granting to Orne the use of the entire tract, except

that portion heretofore mentioned upon which the buildings of Couch were located. Couch brings this case here and assigns as error:

1. That said court and judge erred in granting the mandatory injunction on the petition and exhibits filed in the cause in the court below, the statements of said petition not being sufficient in law to authorize the granting of such injunction before the final hearing and trial of said cause.

2. The court erred in granting a mandatory injunction on the pleadings in said cause, for the reason that the plaintiff in said suit had an adequate remedy at law.

3. The modified or supplemental order of injunction made by said court below is illegal and void by reason of the fact, as shown by the record, that it was made *ex parte*, and without notice to the defendant or the filing of a petition and issuing of a summons as provided by statute.

4. The fourth and fifth assignments of error may be properly joined and stated as follows : That the facts stated in the pleadings did not justify the court or authorize the granting of an injunction in the cause.

5. The court erred in granting said injunction before the issues joined in the cause were tried and determined.

Upon the facts as they appear in the pleadings and record before us, it will be unnecessary to discuss any of the errors complained of by appellant, except those contained in the third and fifth assignments. The other propositions involved have, we think, been sufficiently noticed in *Woodruff v. Wallace*, decided at this sitting of the court—this volume, p. 355.

I. In the third assignment it is claimed that the court below erred in issuing the modified or supplemental injunctional order, for the reason that the same was so issued without notice to the defendant

below and was in the nature of an *ex parte* order, made after the answer of the defendant below was filed. It appears from the record that on August 9, 1894, the judge, upon motion and affidavits, and without notice to the defendant, made an order which extended the scope of the former restraining orders, which had been issued when the matter was before the court for a temporary injunction. The last order was issued without notice to the defendant, and at a time subsequent to the date of the defendant's answer. From the record before us, we do not find that the defendant presented a motion for a new trial or in any manner ever called the attention of the judge to the matter, or asked the judge granting the order to set the same aside. The probabilities are that the judge granting the order, would have readily vacated the same, if his attention had been directed to the fact that the same was issued without notice to the defendant, after his answer was on file.

In *Healy v. Loofbourrow*, 2 Okla. Rep. 458; 37 Pac. 823, this court held that, "as a general rule, the supreme court of this territory will not consider for the first time, on appeal, questions not presented in the case in the court below." The doctrine there announced is applicable to the question under consideration. The district judge should have been permitted to correct the error complained of before this court is asked to interfere.

II. The fifth assignment of error is not well taken, because in cases pending in a district court wherein it appears from the pleadings on file that an injunctional order will, during the pendency of the suit, prevent irreparable injury to either party, it is within the discretion of the district judge to grant such order, and his action will not be disturbed unless an abuse of such discretion is shown. That has always been the rule, and no error can be predicated upon such action.

(*Mead v. Anderson*, 40 Kan. 203.)  Holding to the view that the third and fifth assignments of error are not matters sufficient, either in law or equity, to justify this court in reversing the court below, and having, in *Woodruff v. Wallace*, decided the other questions involved in this case adversely to the appellant, the judgment of the lower court is affirmed.

Scott, J., trial judge in the court below, not sitting; all the other Justices concurring.