CHERRY vs Cox.

Opinion delivered April 2, 1898.

1. *Appeal—Error not Presented Below not Reviewible on Appeal.*

Exceptions can not be taken in court of appeals to any err which were not called to the attention of the court below.

2. *Instructions—Must be Excepted to When Given.*

Where no exceptions are taken to the court's instructions at t time they are given, they will not be considered by the App late court.

3. *Rescission of Contract—Fraud—Tender.*

Appellant traded to appellee a growing crop for two mules. pellant represented the growing crop as free from encu

rances.  After the trade had been made, the land-lord attach-
ed the crop under a lien for rent.  *Held*, Appellees could not
rescind the trade without tendering appellant remuneration
for a part of the crop which they had consumed.

4. *Rescission of Contract—Must be in Toto.*

Where a party trades for a growing crop and enters into the
possession of the premises upon which the crop is situated and
afterwards discovers that the crops are encumbered, he can
not rescind the trade and at the same time retain possession
of the premises.  The rescission must go to the whole contract.
He can not rescind in part and affirm in part.

5. *Contract—Party Offering to Rescind Must be Able to Place Other
Party in Statu Quo.*

If a party·cannot be restored to the condition in which he was
before the execution of the contract in consequence of the de-
struction or change of condition of the property which formed
the consideration of the contract, the party defrauded cannot
rescind it.

Appeal from the United States Court for the Central
District.

YANCEY LEWIS, Judge.

Suit in replevin by B. F. Cox and another against
Whit W. Cherry.  Judgment for plaintiff.  Defendant ap-
peals.  Reversed.

The appellees, B. F. Cox and N. N. Cox, brought suit
in the court below against the appellant, Whit W. Cherry, in
replevin for two mules.  They gave bond, obtained a writ of
replevin, and the mules were turned over to them.  On the
trial, the jury brought in a verdict for the plaintiff, B. F.
Cox, for the mules sued for, and judgment was rendered
against the appellant for the mules, and for the costs of suit.
The testimony on the part of the appellees was that appell-

ant represented to appellees that the crop was free from all liens, and that the rent was paid. The crop consisted of corn and cotton, standing ungathered in the field. The appellant had the right of possession of the place, including a dwelling house, on which the crop was growing, until January 1, 1894. When the trade was made, appellant turned over the crop, place, and house to appellees, and appellees delivered the mules to appellant. Afterwards John B. Criner attached the crop for rent due him on the place for the year 1893 from appellant. Appellees then elected to rescind the contract, and at once brought their action in replevin for the mules. Criner and appellant compromised their suit on the rent. Appellees, after Criner and appellant had compromised their matters, tendered the property received from appellant in exchange for the mules back to him in the town of Ardmore, in front of Randoll's store, by telling him that the property was down there, and for him to go and get it. Appellees never vacated the house, and never left the place, but remained in the house and on the place up to the time of the trial. At the time appellees elected to rescind the contract, about one-half of the crop they received from appellant in exchange for the mules was standing ungathered in the field. When the crop was attached, Criner took possession of the same, as bailee of the officer; and, when Criner and appellant compromised, Criner turned the crop over to appellees. Appellant filed a motion for a new trial, which was overruled by the court. Appellant excepted, prayed an appeal, and brought the case to this court on appeal.

*Robert H. West*, for appellant.

*C. L. Herbert*, for appellees.

SPRINGER, C. J. (after stating the facts.) Counsel for appellant, in his brief, states that his first contention is

that the court erred in rendering judgment against the appellant for all the costs. A careful examination of the record fails to disclose that any reference to this assignment of error is found in the proceedings of the court. No motion was made to retax the costs. If such a motion had been made at the proper time, the court would have given the subject consideration, and a proper order taxing the costs would undoubtedly have been made. Counsel cannot take exception, however, in the court of appeals, to any alleged errors which were not called to the attention of the court below.

Errors not called to the attention of the Trial Court not reviewable.

The first assignment of error in the record is to the effect that the court erred in its instructions to the jury, and in refusing the instructions requested by the defendant. This assignment was made after the motion for a new trial had been overruled. The record fails to disclose that any exception was taken to the court's instructions at the time they were given, and it is now too late to assign error on account of such instructions. However, it does appear that the appellant requested certain instructions to be given, which were refused, and to the refusal to give such instructions exceptions were duly taken at the time.

Instructions —Exceptions must be saved to be reviewable.

The first instruction which appellant requested, and which was refused, is as follows: "That if the plaintiff retained possession of any of the property received by him from the defendant in exchange, and that said property, or the use of same, was of any value and benefit to him or to the defendant, then the plaintiff would not be entitled to recover, and you must find for the defendant." This instruction should have been given by the court. It appears from the evidence in the case that appellant and appellees entered into a contract by the terms of which appellees sold to appellant a pair of mules, in consideration of a crop of corn and cotton on certain premises described in the complaint. Ap-

pellees were to have possession of the house upon the prem-
ises, but whether this was a part of the consideration of the
contract is not clear.   After the sale of the growing crop,
and after appellees had entered possession of the house, and
took possession of the premises, the landlord or owner of
the place sued out an attachment against appellant for rent
due him, and levied the attachment upon the growing crop
which appellant had sold to appellees.    Appellees took
advantage of this seizure of the crop on attachment, and
elected to rescind the contract; and, in the absence of ap-
pellant, sued out a writ of replevin for the mules.    This
writ of replevin was served upn the appellant, and appellees
took possession of the mules.    In the meantime appellant
settled with his landlord, and the attachment was dis-
charged, and the property returned to appellees.    After
the landlord had returned the property seized on attach-
ment to appellees, one of the appellees met the appellant at
a store in the town of Ardmore, and said to him that his
property was down there where it was when the apellees
got it, and for the appellant to go and take it.    Notwith-
standing this tender of the property, the appellee continued
to reside in the house, and were residing in it at the
time of the trial.    Appellant did not accept the ten-
der, and took no steps whatever to recover the
property.   The appellees had, by living in the house, pos-
session of it, and, as contended by counsel, constructive pos-
session of the growing crops; and, after the writ of replevin
was sued out, appellees also had possession of the pair o
mules which had been sold to appellant in consideration o
the premises.   Section 163, Tied. Sales, is as follows: "Th
principal remedy for fraud is the rescission of the contract
The party defrauded has the right, on discovery of th
fraud, to rescind the contract, and obtain relief from al
liability on the contract.   But the rescission must extend t
the whole contract.   The contract cannot be rescinded i

Contract—
Rescission.

part, and affirmed in part. The r scission must be entire. [Citing Miner vs Bradley, 22 Pick. 4 57; Voorhees vs Earl, 2 Hill, 292; Coolidge vs Brigham, 1 Metc. (Mass.) 550, and authorities there cited.] It matters not at what stage of the execution of the contract the fraud was discovered; the contract can be rescinded, provided the parties can be put in statu quo." A large number of authorities are cited in a note to the text to support this principle. It is further stated in the same section from Tiedeman on Sales as follows: "There must also be a prompt and complete restoration of every thing of value which the party defrauded had received under the contract. [Citing numerous authorities.] If it is of any value to the other party, it must be returned." It appears in the evidence that a portion of the growing crops (a very small portion, it seems) had been consumed by the appellees before the fraud was discovered. No reparation for this property was tendered. The court, however, instructed the jury that the law does not concern itself with little things. No exception, however, was taken to this instruction. It is also well settled that if the parties cannot be restored to the condition in which they were before the execution of the contract, in consequence of the destruction or change of the condition of the property which formed the consideration of the contract, the party defrauded cannot rescind the contract. Wine Co. vs Brasher, 13 Fed. 603; Smith vs Brittenham, 98 Ill. 188. The defrauded party, however, instead of rescinding the contract, may affirm it, and then recover for the damages which he has suffered in consequence of the fraud,

*Contract— Recission— Tender.*

The appellant requested the court to give the following instruction to the jury: "That if the plaintiff received from the defendant the crop of cotton, corn, and oats, together with the place on which the same was grown and possession of the house on said place, and that any of said crop was standing ungathered in the field at the time,

and that the defendant had the right of possession of said place until January 1, 1894, to gather his crop, then, before the plaintiff could recover, after establishing fraud on the part of the defendant, he must show that he tendered back to the defendant the possession of the place, and house and all other property received from the defendant in exchange of said mules, and that also, if at the time plaintiff claimed to have discovered fraud on the part of the defendant any of said crop was standing ungathered in the field, then plaintiff could not make a valid tender of same, without tendering possession of the entire place on which the same was standing at the time." This instruction was refused, and proper exception taken. In view of the facts of this case this instruction should have been given. At the time the trial took place in this case, the appellees were in possession of the house which was a part of the premises upon which were the growing crops. No part of the property given by appellant in exchange for the mules had been returned to him. The fraud which was set up as the ground for the rescission of the contract had been eliminated from the transaction by the appellant, who settled with the landlord for the rent, and caused the attached property to be returned to the appellees. In fact, the attached property had never been moved. It was constructively in the possession of the marshal, by virtue of the writ of attachment; and when the landlord's demand was paid by appellant, the attachment was discharged; so that it appears from all the evidence in the case that at the time of the trial the appellees, by virtue of the writ of replevin, had possession of the pair of mules which they had theretofore exchanged for the growing crops, and also had possession of the premises, and constructively the possession of the growing crops. Appellant had at no time taken possession of the growing crops or exercised any ownership over them after his contract with appellees. If the instructions which were refused had

been given by the court, the jury, in all probability, would have found the issues for the defendant. The judgment of the court below is therefore reversed, and the case remanded, with instructions to grant a new trial in the case.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.