STATE, EX REL. WORLD PUBLISHING COMPANY, V. ROBERT O. FINK, TREASURER.

FILED MARCH 8, 1905. No. 14,027.

Mandamus: FORECLOSURE OF TAX LIENS: PUBLICATION OF NOTICE. After a petition for the foreclosure of tax liens pursuant to an act of 1903, entitled "An act to enforce the payment and collection of delinquent taxes and special assessments on real property," has been filed in the office of the clerk of the district court, and the county treasurer has published the required notice in a suit-

able newspaper, he will not be compelled by mandamus to re-publish the same on the sole ground that such newspaper was not designated for the publication by the proper official authority.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Hall & McCulloch* and *A. C. Wakeley,* for plaintiff in error.

*W. J. Connell* and *Brome & Burnett, contra.*

AMES, C.

This action was submitted by brief and oral argument as presenting a single question, to wit, the construction of section 7, chapter 75, laws 1903, entitled "An act to enforce the payment and collection of delinquent taxes and special assessments on real property" (Comp. St. ch. 77, art. IX; Ann. St. 10644-10691); and that construction, so far as was supposed to affect the present controversy, depends upon the definition of the word "fail." The act provides that the county treasurer shall between the first day of June and the first day of July in each year prepare a petition setting forth in detail all taxes in the county which have been delinquent more than one year, and a description of the tracts upon which they were levied, and file the same in the office of the clerk of the district court on or before the last named date. Section 7 enacts: "Within ten days after the filing of such petition the county treasurer shall cause a notice to be published, directed to 'All Whom it May Concern' to the effect that the state of Nebraska has filed a petition in the district court for the county in which the lands are located, praying a decree against, and the sale of, the parcels of real estate set forth in the list published therewith, for the several amounts named therein and costs of suit." It is further required that "such notice shall be signed by the county treasurer and shall be published once a week for four successive weeks in some newspaper of

general circulation in the county in which the lands are situated, or, if no newspaper of general circulation shall be published in the county," etc. But it is provided: "The county commissioners of each county shall designate the newspaper in which said notice, and in which all notices of tax sales made by the county treasurer hereinafter provided for, shall be published, *provided,* the county treasurer shall designate such newspaper where the county commissioners fail to do so." The county treasurer completed his petition and filed it with the clerk of the district court on the first day of July, and on the day previous received the following written communication from the chairman of the board of county commissioners.

"OMAHA, NEB., June 30, 1904.

*"Robert O. Fink, County Treasurer Douglas county, Nebraska:*

"You are hereby notified that the 'Omaha Evening World-Herald' has been designated by the board of county commissioners as the official paper for the publication of the official advertising of Douglas county, and that it is likewise designated as the newspaper for the publication of the delinquent tax notices provided for by section 7, article IX, chapter 77 of the Compiled Statutes of Nebraska for 1903, entitled 'Revenue,' in so far as said section applies to the publication of delinquent tax notices for Douglas county for the year 1904.

"Respectfully yours,　　　R. O'KEEFE,

*"Chairman Board of Co. Comr's."*

At the time the petition was filed the board had not taken the action mentioned in the notice and was not in lawful session, and could not be until the following day, when they contemplated assembling as was known as well to the treasurer as to the chairman. At ten o'clock A. M. on the 2d day of July, that being the day following the last day provided by law for filing the petition, the board did assemble and take such action as was indicated by the above quoted letter. The petition had been filed late

in the evening of the preceding day, but whether the board
knew of that act we are not informed.   At nine o'clock
A. M. on the 2d day of July, or about an hour before the
assembling of the board, the treasurer, having ascertained
that they had taken no formal or official action, designated
the "Omaha Bee" as the paper in which said notice should
be published and delivered the same to it for that purpose.
It is admitted that full ten days were required for putting
the notice in type and effecting its first publication, but it
is provided by the act (sec. 45) that "throughout all of
the proceedings it shall be the duty of the court to dis-
regard all informalities or irregularities which may have
occurred, from the inception of every state, county or city
general tax up to final confirmation of sale.   The per-
formance of the various acts of officers herein enjoined
shall be deemed sufficient if they shall substantially comply
with the requirements of this act and no variation in the
time or manner of performing such acts shall be deemed
or held to be jurisdictional; and when any such acts can-
not reasonably be performed within the times herein pro-
vided, additional time may be given, without notice, by
a proper order of court."   It is further provided that all
tracts of land concerning which answers shall not have
been filed on or before the first day of September shall be
treated as in "default," and the issues concerning all
others shall be triable on and after the first Monday of
the following October.   The court has no doubt power to
relieve against default in pleading and to permit answers
to be filed out of time as in ordinary actions.   On the same
2d day of July the plaintiffs, the proprietors of the World-
Herald newspaper, applied to the district court for
Douglas county by a petition setting forth the foregoing
facts and praying for a writ of mandamus compelling
the publication of the treasurer's notice in that paper.
The writ, after answer and a trial, was denied, and the
plaintiff prosecutes a petition in error.

The evidence shows that the notice has been in fact
published in the Bee for and within the time and manner

prescribed by the statute, and that it was a notice in all respects such as the law requires to be published. That such publication was, under the liberal provisions of the statute above quoted, sufficient to confer jurisdiction upon the court for the purposes of the act, there can be no doubt. In other words, it has not been and cannot successfully be contended that an owner of a tract of land can impeach a decree against it, either collaterally or upon proceedings in error, upon the ground that the newspaper in which the notice was published was not designated for that purpose by the proper official authority, nor would such an objection, if made by such an owner in the trial court, have relieved him from default or defeated jurisdiction over his property. It is not disputed that the Bee is a publication answering in all respects the requirements of the statute. The proceeding is in the nature of an adversary action, and all irregularities and informalities are expressly cured by the statute. Whether regularly or otherwise, the taxpayers, parties to the proceeding, have had the precise notification and opportunity to appear and defend to which the statute entitled them, and a republication of the notice in compliance with the prayer of the alternative writ would entail upon the county a very large expenditure for no useful or practical purpose. With grounds of controversy between the corporation or inhabitants of Douglas county and its treasurer or the Bee Publishing Company, if there are any, the relators have no concern, or, if they have any, they are not presented in a litigable manner by this application for a mandamus.

We think the case falls precisely within the language of the following clause of section 45 of the act: "The performance of the various acts of officers herein enjoined shall be deemed sufficient if they shall substantially comply with the requirements of this act and no variation in the time or manner of performing such acts shall be deemed or held to be jurisdictional." The most that the relator can contend for is that the Bee was not designated

in the manner prescribed by the act. Whether it was so or not, the issues in this action do not call upon us to decide. It appears, however, that the designation was made by the county board within a reasonable time, and that the designation by the respondent was therefore premature. The relator was entitled to relief when this action was begun, and the respondent should pay the costs.

For these reasons, we recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be affirmed with costs of the proceedings taxed to the respondent.

AFFIRMED.