BEE PUBLISHING COMPANY, APPELLANT, V. DOUGLAS COUNTY ET AL., APPELLEES.

FILED JANUARY 17, 1907. No. 14,562.

1. **Taxation:** FORECLOSURE: PUBLICATION OF NOTICE. Upon the filing of a petition for the foreclosure of taxes under the provisions of article IX, ch. 77, Comp. St. 1905, the county treasurer has authority to designate a paper for the publication of the notice of the pendency of the action if the county commissioners have failed so to do.

2. ———: PUBLICATION OF NOTICE: COMPENSATION. As compensation for publishing such notice the printer is entitled to receive the sum of $1 for each square of 10 lines for the first insertion, and 50 cents a square for each subsequent insertion, including matters of description.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed in part.*

*W. J. Connell,* for appellant.

*W. W. Slabaugh* and *E. W. Simeral, contra.*

EPPERSON, C.

In 1904 the county treasurer of Douglas county insti-
tuted an action under the provisions of article IX, ch. 77,
Comp. St. 1905 (the scavenger law), to foreclose all
delinquent taxes in that county. The petition was filed
on July 1, and on the morning of July 2 the treasurer
designated the Omaha Evening Bee as the paper in which
the notice of the suit and list of lands involved should be
published. The same were published in the paper desig-
nated, and the publisher, the appellant herein, filed its
claim for printer's fees with the county board. From the
decision of the board an appeal was taken to the district
court for Douglas county. Before the county board, and
also in the district court, appellant contended that it was
entitled to compensation for the publishing of the notice
and list of lands at the rate of $1 a square for the first
publication, and 50 cents a square for each subsequent
publication. The intervener, the World Publishing Com-
pany, contended that the county was not liable in any
amount, for the reason that appellant's paper was not
legally designated for the publication of the notice and
tax list. The law directs that the petition in the fore-
closure case shall be filed after June 1, and on or before
the 1st day of July. Comp. St. ch. 77, art. IX, secs. 5, 6.
Section 7, among other things, contains the following:
"The county commissioners of each county shall designate
the newspaper in which said notice, and in which all
notices of tax sales made by the county treasurer herein-
after provided for, shall be published, *provided,* the
county treasurer shall designate such newspaper where
the county commissioners fail to do so." The petition
was filed on July 1, the last day provided by statute.
Early the next day, as shown by the evidence, the county
treasurer made inquiry of the proper officer to ascertain
whether or not the county commissioners had designated
a paper for the publication of the notice. He received
accurate information that the commissioners had made no

designation. Thereupon he designated appellant's paper, and provided for the publication of the notice therein, and so notified the county commissioners. The commissioners, undoubtedly believing that this duty still rested upon them, and not content with the selection of the county treasurer, designated the intervener's paper.

1. Intervener contends that the designation was not legal and that appellant's claim for compensation cannot legally be allowed in any sum. The authority of the county treasurer to designate depended upon the failure of the county commissioners to do so. The statute does not fix a limit within which they shall designate the paper. According to the provisions of section 7 above quoted the county treasurer had the legal right, and it became his duty, to designate the paper whenever the time came to place the notice with the publisher and the county commissioners had failed to act. The petition might have been filed at any time after June 1. The designation by the county board could have been at any time in June, or even prior thereto. The county treasurer, in the case at bar, waited until the last day provided by statute for the filing of the petition. Still the board had not acted. Thereupon he handed the notice and tax list to appellant. Section 7, *supra,* requires the county treasurer to cause the notice to be published within 10 days after the filing of the petition. In view of the time required by the printers to prepare the notice for publication, it was necessary, as shown by the proof, that the manuscript reach the publishers as soon as possible after the filing of the petition. The county treasurer was not required to wait longer. It was his duty to designate a paper and his privilege to favor the Omaha Evening Bee. But the intervener argues that he was hasty in not waiting still longer for the county board to act, and cites section 45, art. IX, ch. 77, Comp. St. 1905, which provides that a substantial compliance with the act on the part of the officers is sufficient, and that no variation in the time and manner of performing such act shall be deemed or held to be jurisdictional; that

when such acts cannot be reasonably performed within the times permitted, additional time may be given without notice by proper order of the court. It will be observed that the statute provides for additional time only when the acts required cannot reasonably be performed within the time therein designated. It is apparent that the foreclosure case could reasonably have been filed within the time provided by law, for it was so filed; and to hold that the designation of a paper could not, prior thereto, reasonably have been made, when the county board was in session on June 30, is ridiculous. Under such a showing no court would have allowed additional time for the filing of the petition, or designating the newspaper in which the notice thereof should be published. It is unnecessary, however, to pursue this matter further, because in *State v. Fink*, 73 Neb. 360, the notice in question was upheld, and we are of opinion that the designation of appellant's paper was legal and proper, and the publication was in all respects valid.

2. The county, by its answer in the district court, denied that the appellant was entitled to the amount of compensation claimed by its petition, and that question was thus put in issue. Section 17, ch. 28, Comp. St. 1905, provides that the compensation for printing and publishing legal advertisements in newspapers shall be for each square of 10 lines the sum of $1 for the first insertion, and for each subsequent insertion 50 cents. It is also provided in the latter part of said section that the compensation for publishing the list of lands upon which taxes are delinquent shall be for each description 20 cents; for publishing the list of town lots upon which taxes are delinquent, for each description 10 cents. Appellant contends that the first provision of the section, instead of the last, determines the amount it is entitled to recover in this action, while the county insists that the compensation is fixed by the clause of the statute last above quoted.

It will be observed that the publication in question is a notice to defendants in a suit or proceeding actually com-

menced and pending in the district court for Douglas county. By the statute this notice is required to be published four times, instead of three, the number of publications required in publishing a delinquent tax list under the general revenue law. It is also provided that the notice must contain the names of the owners of the land and town lots against which foreclosure is sought, opposite each description thereof; while in publishing the delinquent tax list under the general revenue law nothing but descriptions are required. It is further provided that all errors made in the scavenger tax law publication are at the loss of the publishers. Again, under this law the sum of $1 for each description is added to the amount of the tax and interest, whereas the general revenue law for the publication of notices of sale of lands for delinquent taxes specifically provides that there shall be added to each description of farm land the sum of 20 cents, and to each description of city property the sum of 10 cents, to defray the cost of such publication. So we are of opinion that, by adding the sum of $1 to each description contained in the foreclosure petition, the legislature intended to provide for the payment of the costs of such foreclosure, including the publication of the required legal notices at the rates fixed by law therefor.

In an action to foreclose a mortgage it is not only proper, but necessary, to include in the summons by publication a description of the land and lots covered by such mortgage; and it has never been suggested that the fees for publishing such a notice should not be computed on the basis of $1 for each square of 10 lines for the first publication, and 50 cents for each publication thereafter, because such notice contained a description of the real estate upon which the mortgage was a lien. It is necessary to the validity of a mortgage foreclosure that the notice shall contain a description of the mortgaged property, and it would seem to be equally necessary that the notice of the pendency of the scavenger tax suit should, even in the absence of statutory provision, contain a de-

scription of each tract of land against which a foreclosure of the tax lien is sought. It would be just as reasonable to hold in one case as in the other that the compensation for matters of description should bear a different rate than the compensation for other parts of the notice. So we are of opinion that the fees for the publication of the notice in question should be determined and computed according to the provisions of the first subdivision of section 17, as above quoted.

It appears that the trial court allowed the appellant $1 a square for the first publication, and 50 cents additional for each of the three subsequent publications, of that part of the notice exclusive of the descriptions, and 20 cents for each description of farm land, and 10 cents for each description of city property, with interest thereon from January 4, 1905, the day that the claim was filed with the county board, to the date of judgment, and instructed the jury to return a verdict accordingly. In thus fixing the compensation to which the appellant was entitled, the trial court erred. The jury should have been instructed to make the computation at the rate of $1 a square for the first publication, and 50 cents additional for each of the three subsequent publications, including the descriptions of farm land and city property contained in said notice. It will be observed that no issue of fact was presented to the trial court for determination, and a verdict should have been directed for the amount ascertained in the manner above stated.

We therefore recommend that the judgment of the district court, in so far as it erroneously fixed the amount of appellant's compensation, be reversed; that in all other things the said judgment be affirmed, and that a mandate issue to that court directing it to compute the amount due the appellant in accordance with the rule announced in this opinion, and enter judgment therefor accordingly.

Ames and Oldham, CC., concur.

By the Court: For the foregoing reasons, the judgment

of the district court, in so far as it fixes the amount of the publication fees in question, is reversed, but in all other things said judgment is affirmed; and it is ordered that a mandate issue directing the district court of Douglas county to compute appellant's compensation for publishing the notice in question herein according to the rule announced in this opinion, and to enter judgment for the appellant for the amount so ascertained.

JUDGMENT ACCORDINGLY.