WORLD PUBLISHING COMPANY, APPELLANT, V. DOUGLAS
COUNTY ET AL., APPELLEES.

FILED OCTOBER 16, 1907. No. 14,933.

Counties: CONTRACTS. A resolution set out in the opinion, adopted by
a county board, and designating a certain newspaper as one in
which the county treasurer shall publish certain notices, does
not, in the circumstances of the case, constitute a contract be-
tween the county and the proprietor of the newspaper.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Hall & Stout,* for appellant.

*James P. English* and *A. G. Ellick, contra.*

AMES, C.

In August, 1904, the county board of Douglas county
adopted a resolution of which the following is a copy:
"Resolved, that the Evening World-Herald, published in
Omaha, Douglas county, Nebraska, be, and the same is
hereby, designated as the newspaper in which the county
treasurer of Douglas county shall cause the delinquent
tax list to be published for three successive weeks, com-
mencing the first week in October, 1904, as required by
section 196, art. I, ch. 77, Comp. St. 1903, and that the
said newspaper is hereby designated as the newspaper in
which shall be published the notices provided to be pub-
lished by sections 7, 17, 18, 32-34, of art. IX, ch. 77, Comp.
St. 1903, and that said newspaper is hereby designated as
the official paper for the publication of the official adver-
tising of said county for the year ending September 1,
1905; and be it further resolved that the county clerk is
hereby instructed to transmit a certified copy of this reso-
lution to the county treasurer of said county." The sev-
eral sections of the statute recited in the resolution enact

57

that it shall be the duty of the county treasurer to publish the notices therein mentioned in a newspaper or newspapers that shall have been designated for such publication by the county board. Our attention has not been called to any statute requiring or empowering a county board to create or appoint, generally, an "official newspaper" for the county, or a newspaper in which all of the "official advertising" of the county shall be published, but they are required, as has been already stated, to designate newspapers for the publication of particular notices in specified cases. It follows that the last clause of the foregoing resolution is *ultra vires* and nugatory, unless it was passed under such circumstances as to constitute in whole or in part an exercise of the general powers of the board to make contracts on behalf of, and to manage and control the business affairs of, the county. But there is no allegation of a breach or threatened breach of this clause of the document, and the question need not, therefore, be further pursued.

In March, 1905, the personal and political complexion of the board having changed, a resolution was offered, and referred to a committee, which is a copy of the foregoing, except that it omits this third or last clause, and except that in the preceding part thereof the name of the "Omaha Evening Bee" is substituted for that of the "Evening World-Herald." Thereupon, this suit was begun, seeking perpetually to enjoin the board from adopting this second resolution, or taking any like action, on the ground that such a course would inflict upon the plaintiff irreparable injury, for which there would be no adequate remedy at law, through the breach of a contract which, it was alleged, was evidenced by the first named resolution, and an acceptance of its terms by the plaintiff, as was shown by its having published certain of the notices required by the statutes named and referred to in the resolution. The district court sustained a general demurrer to the petition and dismissed the action. The plaintiff appealed.

Whether or not the statutes recited in the first two clauses of the resolution contemplate a contract between a county and a newspaper for the publication for a limited and specified time, of notices for which the statute prescribes rates of compensation need not now be decided, because the resolution does not purport to have that effect, and it has not been contended, nor, we presume, will be, that the board could bind the county by a contract in perpetuity. The document contains none of the ordinary forms or phraseology of a contract or of a proposal to enter into one with the plaintiff, which should become obligatory upon acceptance by the latter, or otherwise; but it purports to be, what the statute seems to contemplate, an exercise of the supervisory power of the board over the official conduct, in this particular, of the county treasurer. It is the county treasurer, not the board, who causes these notices to be published, and who by so doing obligates the county to pay the statutory fees as compensation for the service. *State v. Fink,* 73 Neb. 360. All that the board is authorized or required to do is to designate the person or persons with whom the treasurer may lawfully so deal, and we think it quite clear that they may change such designation from time to time as the interest of the public or their own inclination may dictate.

If the foregoing conclusion is right it disposes of the case, and we recommend that the judgment of the district court be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.