## BORDER v. CARRABINE.

No. 1407. Opinion Filed January 16, 1912.

(120 Pac. 1087.)

1. **JURY—Appeal and Error—Discretion of Court—"Challenge to Favor."** The trial of a challenge to a juror on suspicion of prejudice against, or partiality for, either party is for the court, and, unless the court'abuses its discretion, its action upon the challenge will not be disturbed on appeal.

2. **SAME—Challenge—Prejudice.** Where the juror stated that the attorney for the plaintiff was his regular attorney, but that one of the attorneys for the defendant also represented him in matters pending, and stated that plaintiff traded at his store, the court did not abuse its discretion by overruling a challenge to the favor.

3. **SAME—Verdict—Unanimity of Jury.** In a case pending before statehood, the verdict of the jury must be unanimous, and it is error to receive a verdict of less than the whole number, where one of the parties objects to such verdict.

(Syllabus by Rosser, C.)

*Error from District Court, Greer County; G. A. Brown, Judge.*

Action by O. Carrabine against G. F. Border. Judgment for plaintiff, and defendant brings error. Reversed.

*A. R. Garrett* and *A. M. Stewart,* for plaintiff in error.

*Tisinger, Clay & Robinson,* for defendant in error.

Opinion by ROSSER, C. This action was brought in the probate court of Greer county, prior to the admission of the state of Oklahoma into the Union. From the judgment of the probate court an appeal was taken to the district court of Greer county. In the district court there was a verdict and judgment for plaintiff for the sum of $100, with interest from the 1st of May,

1908, at the rate of 7 per cent. per annum, and the case is now brought here for review.

There are eight assignments of error, but it will not be necessary to notice all of them. The record shows that W. H. Jacobs, one of the jurors that tried the case, when examined upon his *voir dire,* stated that T. P. Clay, the attorney for the plaintiff in the case, was his regularly employed attorney, and was his attorney in several matters still pending. He also stated that A. M. Stewart, one of the attorneys for the defendant, was employed by him as attorney in matters still pending. He also testified that the plaintiff was a regular customer at his store. The defendant challenged the juror for cause, and assigned as a reason for said challenge his admission that T. P. Clay was his regular attorney, employed by him in matters still pending, and also that plaintiff was one of his regular customers. The court overruled the challenge, and this action of the court is assigned as error.

The matters stated by the juror do not come within any of the specific causes for challenge, as set out in section 5789 of Comp. Laws 1909. That section provides, in addition to the grounds of challenge enumerated, that:

"Any petit juror who shall be returned upon the trial of any of the causes hereinbefore specified, against whom no principal cause of challenge can be alleged, may nevertheless be challenged on suspicion of prejudice against, or partiality for, either party, or for want of competent knowledge of the English language, or any other cause that may render him at the time an unsuitable juror, and the validity of said challenge shall be determined by the court."

This latter provision was what was known in the old books as "challenge to the favor," and was properly triable by the court, and his decision is not reviewable, except it clearly appears that he has abused his discretion. It cannot be said, upon the statement made by the juror, that it was erroneous for the court to overrule the challenge.

The mere fact that a juror has employed one of the counsel in the case as his attorney in other matters will not necessarily disqualify him as a juror, more especially where it appears, as it

did in this case, that the counsel upon the ·challenging side was also employed by him. 24 Cyc. 350.

The court instructed the jury, over the objection and exception of the defendant, that nine of the jury concurring could render a verdict in the case, and the verdict was not unanimous, but was, in fact, rendered by nine jurors. This case was pending at the time of the admission of the state into the Union, and the procedure was governed by the law in force in the territory of Oklahoma ʹprior to statehood. As the law in the territory of Oklahoma required a unanimous verdict of the jury, it was error to instruct that less than the whole number could render a verdict. This question has already been decided by this court in the case of *Pacific Mutual Life Insurance Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026; *Kerfoot-Bell Co. v. Kerfoot, infra,* 118 Pac. 367.

It follows that the case must be reversed, and the cause remanded for a new trial.

By the Court: It is so orʹdered.

· All the Justices concur.