## STATE *ex rel.* OKLAHOMA CITY TIMES CO. v. BAKER, *County Treasurer, et al.*

No. 6894.   Opinion Filed October 13, 1914.

(143 Pac. 668.)

1. **NEWSPAPERS—Official Papers—Designation—Order of Commissioners.** Under the provisions of section 7397, Rev. Laws 1910, a designation by the board of county commissioners of more than one newspaper in which shall be given notice of the sale of real property for delinquent taxes is void; and where said board fails to lawfully designate such paper, the county treasurer, after October 1st, is empowered to select a newspaper in which such notice shall be published.

2. **NEWSPAPERS—Official Papers—Parol Designation.** Parol selection of such newspaper by the county treasurer meets every requirement of the law.

3. **TAXATION—Collection of Penalty—Failure to Notify.** Failure of the treasurer to notify the owners of real property, by mail, of the amount of their taxes prior to November 1st of the year in which the same are assessed defeats the right to collect any penalty prior to sale, but such property may be lawfully advertised and sold for the amount of the taxes, exclusive of penalty.

(Syllabus by the Court.)

Original mandamus by the State, on the relation of the Oklahoma City Times Company, a corporation, against George Baker, County Treasurer of Oklahoma County, and others. Writ denied.

*E. E. Blake,* for relator.

*Sam Hooker* and *C. W. Stringer,* for respondents.

BLEAKMORE, J.   This is an original proceeding in mandamus presented by the relator against George Baker, county treasurer of Oklahoma county, and the board of county commissioners of said county. The petition alleges, in substance, that relator is the owner and publisher of the Oklahoma City Times, a newspaper that is now, and has been, published in Oklahoma City for more than one year last past; that on the 8th day of October, 1914, the board of county commissioners of

Oklahoma county designated the Oklahoma City Times as the newspaper in which said county treasurer shall give notice of the sale of real property for delinquent taxes for the fiscal year ending June 30, 1914, and directed said treasurer to forthwith prepare and deliver said Oklahoma City Times a list of the real property to be sold for such delinquent taxes. It is also alleged that on the 18th day of August, 1914, the said board had designated the Canadian Valley News as a newspaper to publish said notice, and also ordered the same published in the Oklahoma City Times and the Edmond Sun; but, notwithstanding such designation of the Oklahoma City Times as a newspaper in which said notice should be given, that said Baker, as treasurer, has neglected and refused to make and deliver said list to it.

Respondent's return to the alternative writ of mandamus issued herein practically admits the allegations of the petition, and alleges that on the 7th day of October, 1914, the board of county commissioners having failed to designate such newspaper, respondent Baker selected the Daily Legal News, a paper printed, published, and of general circulation in Oklahoma county and in all respects qualified under the law to print and publish legal notices, and especially to print and publish said delinquent tax list, as the newspaper in which said list should be published and notice given, with the understanding that the publication of said list should be made upon condition that it be determined by a court of competent jurisdiction that it was the duty of the respondent to give such notice. Respondent further alleges that, for the reason that notice of the amount of their taxes had not been given by mail, prior to November 1, 1913, to the owners of the real property upon which taxes have become delinquent, no valid sale of said property can be made, and therefore the publication of such tax list would be a useless and vain thing.

It appears by the record that on the 18th day of August, 1914, the following order was made and entered of record by the board of county commissioners of Oklahoma county:

"Order.—Publication of the delinquent real estate tax list for the year 1913 coming before the board, it is hereby ordered that said tax list shall be published in the Canadian Valley News,

648        SUPREME COURT OF OKLAHOMA.

State ex rel. Oklahoma City Times Co. v. Baker, County Treasurer, et al.

published at Jones, Oklahoma, and the county clerk is hereby ordered to notify the county treasurer to deliver to the publisher of said newspaper, or the publisher's representative, the copy of said tax list.

"It is further ordered and agreed that said real estate tax list will also be published in the Edmond Sun, published at Edmond, Oklahoma, and the Oklahoma City Times, published at Oklahoma City, Oklahoma, and that the county shall pay for this publication of said tax list, as follows: To the Canadian Valley News, twenty-five per cent.; to the Edmond Sun, twenty-five per cent.; to the Oklahoma City Times, fifty per cent.—at the legal rate."

On the 7th day of October, 1914, respondent, as county treasurer, orally selected the Daily Legal News as the newspaper in which such notice should be given and the tax list published. Thereafter, on the 8th day of October, 1914, a further order was made by said board, the pertinent parts thereof being:

"Thereupon the matter of the giving of notices of the sale of real property for delinquent taxes ascertained and extended in the year 1913, for the fiscal year beginning July 1, 1913, and ending June 30, 1914, is by the board considered, and it is by the board ordered, that the Oklahoma City Times, a newspaper in and of general circulation in the said county of Oklahoma, be, and is, hereby designated by the board of county commissioners as the paper in which the county treasurer shall give notice of the sale of real property for delinquent taxes aforesaid, and,

"It is further ordered that the county treasurer shall forthwith prepare and deliver to the said Oklahoma City Times newspaper, or its representative, the said list of real properties to be sold for the delinquent taxes aforesaid. * * *"

By the Revised Laws of Oklahoma 1910 it is provided:

"Section 7396. The treasurer shall in all cases where taxes are a lien upon real property and are unpaid on the first day of May proceed to advertise and sell such real estate for such taxes and cost as hereinafter provided. * * *"

"Section 7397. The treasurer shall give notice of the sale of real property for delinquent taxes by publication thereof once a week for three consecutive weeks, commencing after the first day of October, preceding the sale, in some newspaper in the county, to be designated by the board of county commissioners,

and if the board of county commissioners shall fail to designate such paper, then in a paper to be selected by the treasurer. Such notice shall contain a notification that all lands on which the taxes of such fiscal year remain due and unpaid will be sold, and of the time and place of the sale, and shall contain a list of the lands to be sold and the amount of taxes due. The county treasurer shall charge and collect in addition to the taxes, interest and penalty the sum of twenty-five cents on each tract of real property other than town lots, and ten cents on each town lot advertised for sale, which sum shall be paid into the county treasury, and the county shall pay the cost of the publication of such notice. But in no case shall the county be liable for more than the amount charged to the delinquent lands for advertising."

Respondent contends that the order of the board of county commissioners of August 18, 1914, designating three newspapers in which notice of the sale of real property for delinquent taxes for the year ending June 30, 1914, should be published, was void, and that by reason of the failure of said board to lawfully designate a paper in which the same should be published, and in performance of his duties, he did on the 7th day of October, 1914, select the Daily Legal News as the newspaper in which said notice should be given; that the subsequent order of said board of county commissioners, of October 8, 1914, designating the Oklahoma City Times as the paper in which said notice should be given, was of no force or effect.

Section 7397, *supra,* contemplates the publication of such notice in but one newspaper, and the language "some newspaper in the county, to be designated by the board of county commissioners, and if the board of county commissioners shall fail to designate such paper, then a paper to be selected by the treasurer," is susceptible of no other reasonable construction. By the order of August 18, 1914, it is manifest that it was the purpose of the board of county commissioners to designate, and have said notice published in, the three newspapers therein mentioned. It is clear from such order that neither one of the three newspapers mentioned therein was designated as the official newspaper in which notice could be lawfully given, and such attempted designation is therefore void on its face.

650     SUPREME COURT OF OKLAHOMA.

State ex rel. Oklahoma City Times Co. v. Baker, County Treasurer, et al.

In *City of Orlando v. Equitable Building & Loan Association*, 45 Fla. 507, 33 South. 986, it is held:

"The official publication of notice of tax sales in two newspapers, where the law requires it to be published officially in one only, renders the sales invalid." *In re Ford,* 92 App. Div. 119, 87 N. Y. Supp. 407.

Under said section it was the plain duty of respondent, as county treasurer, after the 1st day of October, to commence the publication of the notice of sale in a newspaper designated by the board of county commissioners, if such designation had been lawfully made; and if, as in the instant case, such board had failed to designate such paper, then in a paper to be selected by him. The board having failed to lawfully designate the paper in which such publication should be made, respondent, as county treasurer, was vested with the same power and authority to designate such paper as was the board of county commissioners up to and including the 1st day of October; and when he selected the newspaper in which said notice should be published, as he did, his selection and designation thereof was lawful and binding upon the county, and it was not within the power of the board of county commissioners by subsequent order to set aside or supersede the selection made by the respondent; and therefore the order of the board of county commissioners of October 8, 1914, is ineffective for any purpose. *Bee Pub. Co. v. Douglas Co. et al.,* 78 Neb. 244, 110 N. W. 624.

It is urged that the selection of the Daily Legal News, not being made in writing and filed in the office of the county clerk, was insufficient and ineffective as a legal designation thereof as the newspaper in which such notice should be given. There is no provision of the statute directing such selection, when made by the county treasurer, to be in writing, or filed or recorded anywhere, and it is our opinion that the selection made by respondent meets every requirement of the law.

It is claimed by relator that the Daily Legal News is not a newspaper of the county having a general circulation therein, and therefore not such a paper as is contemplated by the statute for the publication of the notice in question. The evidence

discloses that said paper has been published consecutively for twelve years, and this court, in the case of *Hesler et al. v. Coldron,* 29 Okla. 216, 116 Pac. 787, held that this same paper was one of general circulation in the county in which legal publication might properly be made.

Again, it is claimed that a paper of wider circulation should have been selected by respondent, in order to give notice to those entitled thereto under the statute. This court deals only with the power of respondent and his exercise thereof within legal confines in the selection of the paper in which such notice shall be published. With the motives that prompted him or the wisdom of his selection, we have nothing whatever to do.

There is no merit in the contention of respondent that, because of the failure to notify the owners of real property by mail prior to November 1, 1913, of the amount of their taxes, the giving of the notice of sale for delinquent taxes would be a vain and useless act. While the failure to give to such owners notice by mail, as provided by section 2, c. 120, of the Sess. Laws 1911, would defeat the right to collect any penalty thereon prior to sale, yet the taxes are due and delinquent for non-payment, and the property may be lawfully advertised and sold for the amount of the taxes alone; and it is not to be presumed that the treasurer will give notice, or attempt to sell such property for an amount in excess of the taxes levied, exclusive of the penalty.

It appearing that the Oklahoma City Times was not lawfully designated or selected as the newspaper in which notice of the sale of real property for delinquent taxes should be published, it follows that the peremptory writ of mandamus should be refused, and it is so ordered.

TURNER, LOOFBOURROW, and RIDDLE, JJ., concur; KANE, C. J., absent, and not participating.