### BOARD OF COM'RS OF POTTAWATOMIE COUNTY v. HENDERSON.

No. 8343—Opinion Filed Nov. 20, 1917.

(168 Pac. 1007.)

#### Counties—Action for Printing—Evidence.

The record examined, and the judgment of the court is supported by the evidence, and this cause is affirmed.

(Syllabus by Hooker, C.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by M. M. Henderson against the Board of County Commissioners of Pottawatomie County. Judgment for plaintiff in part, and defendant brings error. Affirmed.

Chas. W. Friend, County Atty., for plaintiff in error.

Arrington & Arrington, for defendant in error.

Opinion by HOOKER, C. The defendant in error filed his claim with the board of county commissioners of Pottawatomie county for services alleged to have been performed by him in printing of notices of sale of real estate for taxes as contemplated by sections 7409 and 7410 of the Revised Laws of 1910. This claim was allowed in part and rejected in part, from which an appeal was had by the defendant in error to the district court of Pottawatomie county. The trial court allowed the claim in part and rendered a judgment in favor of the defendant in error and against the plaintiff in error, from which an appeal is had to this court.

It is asserted by the plaintiff in error that the claim of the defendant in error for the printing done by him from which judgment was rendered is excessive, and that the same should be governed and controlled as to his charges by a certain contract entered into between the board of county commissioners of Pottawatomie county in July, 1913, with the defendant in error as the owner and publisher of the County Democrat, by the terms of which contract it is provided what charges are to be made by the defendant in error for the work performed by him for said county. All this is denied by the defendant in error.

The preponderance of the evidence here justifies the conclusion that the parties did not regard this work thus performed by the defendant in error, out of which this claim arose, as embraced within the terms of this contract, as it is apparent that said parties at the time of the execution of this contract did not have in mind the performance of the work of this case, and it is agreed by all that the defendant in error was to receive more compensation for this work than the contract would allow if it applied.

The rule is well settled that where the language of a contract is uncertain and the parties thereto, by their subsequent acts and conduct, have shown that they construed it alike and within the purview of the construction permitted as best by such language, the courts will ordinarily follow such adopted construction as the correct one. See Wiebener v. Peoples, 44 Okla. 32, 142 Pac. 1036, Ann. Cas. 1916E, 748; La Fayette v. La Fayette, 64 Okla. 93, 166 Pac. 169; Bearman v. Dux Oil & Gas Co., 64 Okla. 147, 166 Pac. 199. And inasmuch as the acts and conduct of the parties here at the time of the performance of the services sued for by defendant in error regarded the same as not embraced within the terms of this contract, we will adopt the view thus expressed by them and hold that said work is not embraced therein. And then this was a question at issue in this case. The trial court found adversely to the plaintiff in error upon that proposition, and the preponderance of the evidence supports the judgment of the court to the effect that the work performed should not be controlled by said contract.

It will be further noticed that this cause was tried in the lower court upon the theory that the defendant in error was entitled to reasonable compensation for the services thus performed by him, and it was urged there as a defense to said claim that the same was governed by this contract in question, and this court in a number of cases has held that a party having presented his cause of defense to the trial court upon a certain and definite theory is bound thereby throughout the subsequent stages of the cause. See Border v. Carrabine, 24 Okla. 609, 104 Pac. 906, Id. 30 Okla. 740, 120 Pac. 1087, and Horne v. Okla. State Bank, 42 Okla. 37, 139 Pac. 992. Under the authority of State v. Baker, 43 Okla. 646, 143 Pac. 668, and of Stillwater Advanced P. & P. Co. v. Commissioners, 29 Okla. 860, 119 Pac. 1002. we reach the conclusion that it was the duty of the county treasurer under sections 7409 and 7410 of the Revised Laws of 1910 to designate the newspaper in which the notice of sale of such real estate for taxes should be published, and that the county should pay a reasonable compensation for said services. What is a reasonable compensation is a question of fact to be determined by the evidence in each particular case. The preponderance of the evidence would justify even a larger recovery here in favor of the defendant in error than was awarded to him, but he is not complaining.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.