## ADAMS v. BERRY-BEALL DRY GOODS CO.

No. 13239—Opinion Filed April 29, 1924.

**1. Appeal and Error—Stay of Proceedings Below—Independent Matters.**

Where plaintiff files its action for money due for goods, wares and merchandise sold and delivered to the defendants, and causes garnishment summons to be issued, and the garnishment order is afterward by the court dissolved, from which order dissolving the garnishment, the plaintiff appeals, the court does not lose jurisdiction of the cause on matters distinct from the garnishment proceeding, but retains jurisdiction to hear and determine the issues in the cause, not affected by such appeal.

**2. Appeal and Error—Change of Theory on Appeal.**

Where plaintiff has presented his case to the trial court upon a certain and definite theory, he may not present the cause to this court upon any theory not presented to the court below, and this court will refuse to determine a question raised for the first time in this court unless it clearly appears to be jurisdictional.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; A. C. Brewster, Assigned Judge.

Action by Berry-Beall Dry Goods Company against F. E. Adams. Judgment for plaintiff, and defendant appeals. Affirmed.

Counts & Counts, for plaintiff in error.

A. C. Markley, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court for Pittsburg county by the defendant in error, as plaintiff below, against the plaintiff in error, defendant below, for the purchase price of certain merchandise sold and delivered to the defendant in error. For convenience, the parties will be designated herein as they appeared in the court below. At the time of filing its petition, February 26, 1921, setting forth a schedule of the goods sold and delivered, and the sum due thereon, the plaintiff filed its affidavit for garnishment, wherein it is set forth that defendant has not property liable to execution, sufficient to satisfy plaintiff's demand. On March 12th, the Hartford Fire Ins. Co., garnishee, filed its answer to the garnishment summons, disclosing it was indebted to the defendant in the sum of $5,481.63, and that $2,500 thereof was claimed by a certain bank, by

virtue of a mortgage held by the bank on the property destroyed by fire. The defendant, on March 12th, filed his motion to dissolve the garnishment which motion was, on March 26th, by the court sustained, the plaintiff specifically waiving claim to any part of the said sum in excess of $1,500, and plaintiff gave notice of its intention to appeal to the Supreme Court from the order of the district court, dissolving the garnishment, and the court fixed the supersedeas bond at $3,200. On July 11th defendant filed his answer, wherein he admitted the purchase of the goods as described in the plaintiff's petition, at the price therein named, and for further answer and cross-petition, sets up the dissolution of the garnishment proceedings, and the pendency in the court of the plaintiff's appeal from said order.

Defendant in his cross-petition alleges he expended $50 in preparing his case; that his time was of the value of $200: that he promised his attorneys $500: that he has further suffered $500 damages by reason of the wrongful garnishment, and that he is entitled to $111.88 interest on the money garnisheed.

Thereafter the cause was regularly set for hearing, whereupon plaintiff moved for judgment on the pleadings, alleging, as grounds therefor, that defendant had admitted the purchase of goods, and the sum due thereon, and defendant further admits, as set forth in his cross-petition, that the cause, to wit, the garnishment proceedings upon which he founds his claim to damages, is now pending and undetermined in the Supreme Court.

Defendant thereupon filed his motion to strike the cause from the assignment, alleging that as the plaintiff had appealed from the court's order dissolving the garnishment, which appeal "is now pending in the Supreme Court," the district court is without jurisdiction to hear and determine the issues in the case, relative to the purchase of goods.

The court overruled the motion to strike, and rendered judgment for the plaintiff for the amount claimed, from which judgment of the court, this cause is regularly brought for review.

The defendant relies for reversal upon two propositions: (1) Error of the court in sustaining the motion for judgment on the pleadings; and (2) in rendering judgment for the plaintiff and against the defendant.

In this behalf it is urged by the defendant that the attempted appeal from the order dissolving the garnishment proceedings was a nullity, for that the pretended appeal was not filed in this court within the time provided by law, and for the reason the garnishment order appealed from was not pending in the Supreme Court. This question is raised for the first time in this court, by the brief of the defendant, and is a total departure from the theory upon which the cause was presented to the court below, where it was urged to the answer, as well as in the motion to strike from the assignment, that the said appeal was then pending in this court. If defendant was of the opinion the appeal was not pending in this court, that question should have been raised in the court below.

Parties will not be permitted to try a cause in the trial court upon one theory, and upon another and different theory in this court.

Generally this court will refuse to consider a question that is raised for the first time on appeal. Couch v. Orne, 3 Okla. 408, 41 Pac. 368; Healy v. Loofbourrow, 2 Okla. 458, 37 Pac. 823.

Alleged errors not called to the attention of the court below, cannot be excepted to on appeal. Cherry v. Cox, 1 Ind. Ter. 578, 45 S. W. 122; Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 Pac. 112; Guarantee State Bank of Durant v. D'Yarmett, 67 Okla 164, 169 Pac, 639

"A party to an action, having presented his cause or defense to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of the cause." Horne v. Oklahoma State Bank of Atoka, 42 Okla. 37, 139 Pac. 992; Shawnee National Bank v. Pool, 66 Okla. 145, 167 Pac. 994; Board of Com. Pottawatomie Co. v. Henderson, 66 Okla. 282, 168 Pac 1007; Ruby v. Warrior, 71 Okla. 82, 175 Pac. 355; Hughes v. Kano, 68 Okla. 203, 173 Pac. 447; Gibson v. Rappole, 86 Okla. 100, 206 Pac. 825; Chicago, R. I. & P. Ry. Co. v. Goldman, 89 Okla. 85, 214 Pac. 129; Thompson v. Huslebarge, 87 Okla. 267, 210 Pac. 922.

Defendant argues his second proposition upon the theory, that as plaintiff caused to be issued a garnishment summons, and the garnishee's answer discloses the fact that it held in its possession $5,481.63, and plaintiff in open court disclaimed as to all money in excess of $1,500, defendant was entitled to a hearing upon his cross-petition for damages accruing by reason of the withholding of the sum of $3,981.63, being the sum found to be in excess of the $1,500 claimed by the plaintiff. An examination of the record discloses the fact that the garnishee held $5,481.63 due on several

fire insurance policies, and further discloses defendant had assigned $2,500 of this sum to the First National Bank of Hartshorne, hold of certain mortgages against the property destroyed, to secure which the assignment had been made by defendant, and as to the sum of $2,500, the defendant is in the position of bringing action for damages for the withholding from him money to which he had no right, title, or claim, even though the garnishment proceedings were void for want of proper affidavit, bond, summons or otherwise.

. The plaintiff having appealed only from the judgment of the court in dissolving the garnishment, the court was not thereby divested of jurisdiction to hear and determine the issues distinct from the garnishment.

"Matters independent of and distinct from those involved in an appeal, are not thereby taken from the jurisdiction of the trial court, but remain in its control, notwithstanding the loss of jurisdiction of the particular question appealed." Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209.

The question of the defendant's indebtedness to the plaintiff, still being with the jurisdiction of the trial court, and the defendant, by answer, admitting the debt, we can find no error of the court in rendering judgment for the plaintiff on the pleadings.

The defendant having filed his cross-petition wherein he claimed damages for the illegal garnishment, which garnishment had been by the court dissolved, which order of the court dissolving the garnishment was appealed to this court, and defendant admitted by his pleadings that such appeal then rested in this court, and presenting his case in the court below wholly upon that theory, we can find no error in the judgment of the court below holding that upon the defendant's pleadings, he had no cause of action until the final determination of the garnishment appeal, and his action for damages was prematurely brought.

For the reasons herein stated, the judgment of the court below should be affirmed.

The plaintiff in his brief having prayed judgment against the sureties on the supersedeas bond filed in this appeal, and the bond being part of the record, judgment is herein rendered against N. E. Tuell and M. B. Adams, sureties on said bond, in the sum of $1,353.68, with interest thereon from October 19, 1921, at the rate of six per centum per annum, and for costs.

By the Court: It is so ordered.