WESTERN UNION TELEGRAPH COMPANY v. ROBERT M. PRATT.

(Filed February 14, 1907.)

1. CONFLICT OF LAWS—Foreign Contracts. In an action brought to recover upon a contract which is plead and proven to be one governed by the laws of the Indian Territory, the rights of the parties will be determined by the laws in force in that territory when such laws are plead and proven, whether statutory or common law.

2. TELEGRAPH COMPANIES—Negligence. Where one seeks to recover damages from a telegraph company for a failure to correctly transmit a message delivered to it, only such damages may be recovered as may fairly and reasonably be considered as arising naturally, in the usual course of things from the breach itself, or such as may reasonably be supposed to have been in contemplation of the parties at the time they made the contract.

3. SAME—Same—Damages—Elements of. A telegraph message from an agent to his principal as follows: "High water, expense heavy, send ten dollars funds low," where no explanation at the time is made, will not support evidence showing the loss of a cherry-crop in Arkansas, which is said to have been lost or damaged because of a failure to correctly transmit such message. Such item of damage could not have been in the reasonable contemplation of the parties when the contract for the transmission of the message was entered into.

(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before H. E. St. Clair, Trial Judge.*

*George H. Fearsons* and *Shartel, Keaton & Wells,* for plaintiff in error.

*Doyle & Cress,* for defendant in error.

Opinion of the court by

GILLETTE, J: In this case the defendant in error, plaintiff in the court below, brought suit against the Western Union Tedegraph Co., in the probate court of Noble county, O. T., to recover damages, and the statutory penalty for failure to correctly transmit and deliver a message from the agent of plaintiff at Vian, I. T., to the plaintiff at Perry, O. T.

The trial in the court below resulted in a judgment in favor of the plaintiff, in the sum of $120.00 damages, nothing having been allowed as statutory penalty.

The contract was an Indian Territory contract, and the rights of the parties are measurable by the laws of that territory.

The plaintiff in his petition, sets out the statutory provisions touching telegraph companies in force in that territory at the time, which were secs. 6419-6420-6421-6422 of Mansfield's Digest of the Statutes of Arkansas, put in force in that territory by an act of congress of the United States; and upon the trial of the case, introduced evidence to show that such provisions were the law in force in said territory with reference to telegraph companies; the principal provision of which, as the same applies to the rights of parties in this case, is as follows:

Sec. 6419. "It shall be the duty of the owner or association owning any telegraph line, doing business within this state, to receive dispatches from and for other telegraph lines and associations, and from and for any individuals, and on payment of their usual charges for individuals for transmitting dispatches, as established by the rules and regulations of

such telegraph line, to transmit the same with impartiality and good faith, under the penalty of $100.00 for every neglect or refusal so to do, to be recovered with costs of suit, in the name and for the benefit of the person sending or desiring to send, such dispatch."

There is no other or further provision contained in the statutes proven, which affects the liability of telegraph companies in cases of this kind; and as no statutory penalty was allowed or recovered for in the action only actual damages having been allowed by the trial court in its judgment, the recovery must be held to have been authorized only by the common law, as the same is in force in federal jurisdictions.

The plaintiff sets out in his petition that the transaction of hiring defendant to correctly deliver the messages, occurred in the Indian Territory, and that the defendant is bound by the laws of said territory on said contract. The Indian Territory is peculiarly under the jurisdiction of the United States. Its courts are designated in the acts of congress as United States courts, and its legislative and executive powers are only those exercised by the United States. It is, therefore, peculiarly under the jurisdiction of the United States, as distinguished from a territory where the United States has granted a territorial form of government, through which the territory governs and adjusts its internal affairs, and regulates its commercial relations generally. Its laws and procedure for the enforcement of the same are federal, as distinguished from state or territorial. The plaintiff having pleaded his cause as one governed by the laws and jurisdiction of the Indian Territory, his right to recover actual damages depends upon the rule of common law which

governs in the federal jurisdiction in cases of this kind. With this view of the law governing the rights of the parties in this action, it becomes necessary to examine the facts relied upon by each of the parties.

The plaintiff in error contends that the contract was such as arises because of a message written upon the company's blank, which requires a repetition of the message and fifty per cent additional payment of the cost of transmission before a liability shall be fixed upon the defendant for errors of transmission. If this contention was correct, then, in the judgment of this court, the law as laid down in the case of *Primrose v. Western Union Tel. Co.* 154 U. S. 1, would govern the rights of the parties in this action, and in that case it was held that it was a reasonable requirement on the part of the telegraph company, in order to fix its liability for damages because of mistakes in the delivery or transmission of messages, that the sender of a message should have the same repeated and pay an additional sum for such repetition, equal to fifty per cent of the usual price. That determination of the supreme court has been followed in the circuit court of appeals of the eighth circuit in *Western Union Tel. Co. v. Coggins,* 68 Fed. 138, in which that court referring to the decision of the supreme court in *Primrose v. Tel. Co. supra,* said:

"Since the decision in that case it has been the settled law in the federal courts."

But we are of the opinion that the plaintiff in error has not brought itself within the control of the law as stated in those cases.

The action was brought in Oklahoma, and the procedure which there prevails in the bringing and trial of causes, rightfully governs the steps taken in the court below, which led to the judgment of that court in the application of the law to the facts in the case.

The plaintiff plead a cause of action for damages, based upon a delivery of a message to the agent of plaintiff in error at Vian, I. T., as follows:

"Vian, I. T., May 28.

"R. M. PRATT,

"Perry, Oklahoma.

"High water, expense heavy, send ten dollars; funds low.

"CHARLES B. PENNINGTON."

This telegram when transmitted, read: "Vinita, I. T." instead of "Vian, I. T.;" and the plaintiff in error answering the petition denied that it received such a message and then added:

"But alleges that if the said plaintiff or his agents delivered to this defendant for transmission, any telegram or message, that the same was written upon the printed form, a true copy of which is hereto attached, marked exhibit 'A' and made a part hereof, and that such message and the printed conditions thereon constitute a legal and binding contract between plaintiff and defendant."

Such answer was verified as follows:

"Territory of Oklahoma,

"Noble County, ss.

"Frank Wells, being first duly sworn, on oath says, that he is the attorney for the defendant in the above entitled court and cause, and that he has carefully read the foregoing answer and that the *denials* therein contained of the

execution and correctness of the written instrument set up in plaintiff's amended petition, purporting to be a copy of the telegram delivered to defendant by plaintiff's agent, are true to the best of his knowledge, information and belief.

"(Signed) "FRANK WELLS"

"Subscribed and sworn to, etc."

The plaintiff upon the trial of his cause proved the delivery of the message as stated in his petition, that the plaintiff in error received the same and pay for its transmission. The plaintiff in error offered no testimony, but demurred to the evidence of the defendant in error and stood upon such demurrer when the same was overruled, and now urges that the contract set out in its answer, which was denied only by a general denial, establishes the fact that the message was sent upon one of the company's regular blanks, fixing a limit of liability as hereinbefore stated.

With this contention of the plaintiff in error we cannot agree.

In the verification of the answer, only the denials contained in the answer are verified. There is no statement in the verification that the affirmative matters set out in the answer were true to-wit: That in sending the message the defendant in error wrote the same upon one of the company's regular blanks, by the terms whereof a special agreement was entered into concerning the liability of the plaintiff in error for damages. If this verification had been broad enough to state that the message was executed and delivered upon one of the company's blanks as aforesaid, there would in that case have been a pleading of a contract in writing, under oath, which would have required a reply under

oath to have put it in issue; but in this case the reply not having been so verified, and the answer not having been verified as to its affirmative allegations, the reply of defendant in error put such affirmative facts in issue and no evidence having been introduced supporting such allegations of the answer, the same must be held to have failed upon the trial of the cause, and the allegations of the petition established.

In this view of the case the plaintiff in error has not brought itself within the law as laid down in *Primrose v. Telegraph Co. supra,* and the case must be determined upon the sufficiency of the proofs offered, to entitle the plaintiff to recover as found and determined by the court below.

From an examination of the record in this case, it is impossible to determine upon just what evidence the court below found damages to the amount of the judgment of $120 in favor of defendant in error.

It is certain, however, that such sum could not be reached without taking into consideration and allowing damages claimed by defendant in error to have been sustained by reason of the loss of a fruit crop, to-wit: cherries, which is claimed to have been lost in Arkansas, because of ten days' delay of plaintiff's agent in getting there, to gather such crop, on account of the negligence of the plaintiff in error in transmitting the message hereinbefore referred to.

In th case of *Choctaw, Oklahoma & Gulf R. R. v. Jacob,* 15 Ok. 493, this court held in an action to recover damages for delay in delivering freight, as follows:

"The damages sought must be such as may fairly and substantially be considered as arising naturally in the usual

course of things, from the breach itself, or such as may reasonably be supposed to have been in contemplation of the parties at the time they made the contract."

And this, we understand, is the general rule. There is nothing in the evidence which in the remotest degree would give the company to understand that a failure to transmit his message would or might cause a damage to a fruit crop in some other state. Such an action of damage was too remote and the objection of the plaintiff in error to evidence tending to prove such an item of damage should have been sustained. It was error in the trial court to admit and consider such evidence over the objection of the plaintiff in error.

For this reason the judgment of the court below must be reversed and the cause remanded for further proceedings in accordance with this opinion.

Hainer, J., concurring in the judgment of reversal, but not with the reason stated therein; Burford, C. J., concurring in the judgment; Burwell, J., concurring in the judgment reached, but not in the law as stated in the foregoing opinion; all the other Justices concurring.