WESTERN UNION TELEGRAPH CO. v. DOBYNS.

No. 3124.   Opinion Filed February 3, 1914.

(138 Pac. 570.)

1.   **TELEGRAPHS AND TELEPHONES—Transmission of Message —Contract—What Laws Governs.** In an action for damages against a telegraph company for failure to properly transmit a message, where the entire contract was made and fully executed in the Indian Territory prior to statehood, the law in force in said territory at the time the contract was made must govern.

2. **SAME.** Such a contract being an Indian Territory contract, the common law and the statutes extended in force in said territory by the United States are applicable thereto, and the decisions of the federal courts are binding on this court in such an action.

3. **SAME—Telegraph Companies.** At that time telegraph companies in the Indian Territory were not common carriers.

4. **SAME—Contract Limitation of Liability—Validity.** At that time and place telegraph companies had the right to contract concerning the transmission of messages and might contract to send them either at sender's risk at a certain rate, or at the company's risk, if the message was to be repeated, at a rate to be increased by one-half, or they might insure the correctness of transmission for an additional sum to be agreed upon.

5. **SAME.** At that time and place a telegraph company could provide for its exemption from liability for error in unrepeated messages, in the absence of willful misconduct or gross negligence.

6. **APPEAL AND ERROR—Time for Appeal—Overruling of Demurrer.** This court will review an order overruling a demurrer, although the statutory time for taking an appeal therefrom has expired, provided the proceeding in error to review the final judgment in the action has been commenced within the statutory period.

7. **SAME—Sustaining of Demurrer.** Where a demurrer has been sustained, in order to review the order sustaining same, the appeal must be had from such order within the statutory time for taking an appeal.

(Syllabus by Robertson, C.)

*Error from County Court, Garvin County;*
*W. B. M. Mitchell, Judge.*

Action by T. J. Dobyns against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Geo. H. Fearons* and *Albert Rennie,* for plaintiff in error.

*J. B. Thompson,* for defendant in error.

Opinion by ROBERTSON, C. This action was commenced in the county court of Garvin county on January 9, 1909, by T. J. Dobyns, hereinafter referred to as plaintiff, against the Western Union Telegraph Company, hereinafter referred to as the telegraph company, to recover damages on account of negligence of the telegraph company in the transmission of a telegram. In the petition it was alleged: That on May 31, 1907, the plain-

tiff delivered to the defendant, at Maysville, Ind. T., for transmission to P. E. Schow & Bros., at Clifton, Tex., a message reading as follows:

"Maysville, I. T. 5—31.   To P. E. Schow & Bros.:   Offer immediate shipment car No. three bulk white f. o. b. Maysville. Fifty-six.   T. J. Dobyns."

That in transmitting said message the word "white," meaning corn, was changed to "wheat." That on said day P. E. Schow & Bros. accepted said offer by telegraph to the plaintiff in the following words:

"Clifton, Texas, 5—31.   T. J. Dobyns, Maysville, I. T.: Offer accepted No. three bulk white fifty-six cents, provided you load capacity car and sweet.   P. E. Schow & Bros."

That plaintiff loaded and shipped a car of corn in accordance with the terms of the telegram and attached the bill of lading to the draft for the price. The consignee refused the corn, the draft was protested, and plaintiff was compelled to ship the corn to McGregor, Tex., to get a market for it. That he was put to the expense of telephone calls, protest fees, time and expense of himself to Clifton and McGregor, and also that 23 bushels and 10 pounds of corn was stolen, all of which, together with the difference in the amount received for the corn and the 56 cents, amounted to $205.96, for which he sought judgment.

Defendant on August 23, 1910, filed its demurrer to that portion of plaintiff's first amended petition alleging shortage in the corn, and further that said petition nowhere states that plaintiff paid or contracted to pay defendant anything for its services rendered in sending said message. The demurrer was by the court overruled. Thereafter defendant answered, denying each and every material allegation the said petition contained, not specifically admitted, and alleged, in addition, that the message received for transmission was obscure to the employees of defendant, and said message was therefore of doubtful meaning, and that plaintiff in delivering said message did so under an agreement indorsed on the back of the same which contained, among other terms, the following:

"All messages taken by this company are subject to the following terms:   To guard against mistakes or delays, the sender

of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company that the said company shall not be liable for mistakes or delays in the transmission or delivery, or nondelivery of any unrepeated message, beyond the amount received for sending same; or for errors in cipher or obscure messages."

It further answered and denied liability, for that the plaintiff never paid, nor agreed to pay, the defendant anything for its services in the transmission of said message; that the said message was an unrepeated message, and, according to the contract entered into, the telegraph company was in no wise responsible by reason of the error in transmission except to the amount paid for its transmission. The defendant further alleges that plaintiff was offered 67 cents per bushel for the corn on arrival of said car at Clifton if it graded No. 3 dry and sound, but that said corn did not come up to the specifications, nor to the specifications mentioned in the message above set out, but notwithstanding, plaintiff was offered 62½ cents per bushel for the corn on June 18, 1907; that had said corn been up to the grade stated in said message, at the price offered, plaintiff would have realized within $30.10 of the price stated in said message; that on the day plaintiff began loading said corn it came to his knowledge that P. E. Schow & Bros. thought they were buying wheat instead of corn, and that plaintiff took the chances of said corn being accepted and shipped same without receiving the confirmation, and that therefore the loss is directly liable to plaintiff's own negligence and not to that of the telegraph company.

On August 23, 1910, plaintiff filed a demurrer to that part of defendant's answer setting up as a defense to this action the terms of the contract as to unrepeated and obscure messages and to that part alleging absence of contract to pay anything for the services of transmission, which demurrer was sustained by the court, and on the same day the plaintiff filed his reply, consisting of a general denial. The cause went to trial and resulted in a verdict of $180 against the defendant. Motion for

new trial was filed, overruled, and defendant brings this appeal to reverse the judgment entered therein.

The telegram having been delivered to the telegraph company, for transmission, in the Indian Territory prior to statehood, and the whole transaction having been completed in said territory prior to statehood, it follows that the contract thus made by the parties was an Indian Territory contract, governed by the laws in force in that jurisdiction at the time. *Turner v. Grail,* 24 Okla. 135, 103 Pac. 575; *W. U. Tel. Co. v. Pratt,* 18 Okla. 274, 89 Pac. 237; *Barnes v. American Soda Fountain,* 32 Okla. 81, 121 Pac. 250.

The foregoing fact should be borne in mind in order to prevent confusion with the later cases, as it has been held in *Levy Bros. v. W. U. Tel. Co.,* 39 Okla. 416, 135 Pac. 423, that, when a telegraph company fails to properly and correctly transmit a message, an action for damages resulting therefrom is one sounding in tort and not for breach of contract.

Therefore, in order to determine what the law is governing this cause of action, it becomes our duty to investigate the common law as it existed in the Indian Territory at the time, as well as the acts of Congress then in force, both to be construed and applied as construed and applied by the federal courts, and in this connection it is well to observe, as has been suggested by counsel for plaintiff in error, that chapter 145 of Mansfield's Digest of the Laws of Arkansas was not extended over and put in force in the Indian Territory by Congress, notwithstanding the assumption to that effect by the Supreme Court of the territory of Oklahoma in *W. U. Tel. Co. v. Pratt,* 18 Okla. 274, 89 Pac. 237.

The federal courts, prior to the time this cause of action arose, had decided the questions in this case adversely to the contention of defendant in error. Thus it had been held in *Southern Express Co. v. Caldwell,* 21 Wall. (88 U. S.) 264, 22 L. Ed. 556, *W. U. Tel. Co. v. Texas,* 105 U. S. 460, 26 L. Ed. 1067, and *Primrose v. W. U. Tel. Co.,* 154 U. S. 1, 14 Sup. Ct. 1098, 38 L. Ed. 883, that telegraph companies are not common carriers and are not subject to the same liability; while it has been

held in *Primrose v. W. U. Tel. Co., supra, Halstead v. Postal Tel Co.,* 193 N. Y. 293, 85 N. E. 1078, 19 L. R. A. (N. S.)· 1021, 127 Am. St. Rep. 952, and *Pearsall v. W. U. Tel. Co.,* 124 N. Y. 270, 26 N. E. 537, 21 Am. St. Rep. 662, that telegraph companies have the right to contract concerning the transmission of messages, and that they may send them either at the sender's risk at a certain rate, or at the company's risk if the message is repeated at a rate increased by one-half, or they may insure the correctness of the transmission for an additional sum to be agreed upon; and it has also been held in *Primrose v. W. U. Tel. Co., supra, Halstead v. Postal Tel. Co., supra,* and in *W. U.·Tel. Co. v. Coggin,* 68 Fed. 138, 15 C. C. A. 231, *Box v. Postal Tel. Co.,* 165 Fed. 138, 91 C. C. A. 172, 28 L. R. A. (N. S.) 566; *Wheelock v. Postal Tel. Co.,* 197 Mass. 119, 83 N..E. 313, 14 Ann. Cas. 188, and *W. U. Tel. Co. v. Pratt, supra,* that the provision exempting the telegraph companies for liability for error in unrepeated messages is binding and valid in the absence of willful misconduct and gross negligence. Hence it necessarily follows that the lower court erred in sustaining defendant in error's demurrer to the answer, which set up the terms of the contract as to unrepeated messages, and that the demurrer to that part of the defendant's answer setting up the terms of the contract as to obscure messages should have been overruled, and that the court erred in refusing to permit the introduction in evidence of the contract on the back of the original message, and also erred in refusing to permit the telegraph company's counsel to read the same to the jury.

Counsel for plaintiff contend that we are without jurisdiction to examine the foregoing assignments of error as raised by the telegraph company, for that, the points involved having been raised by it in the trial court by demurrer and the demurrer having been overruled, the appeal should have been prosecuted from the order of the trial court in overruling the demurrer and brought to this court within one year from the day the same was overruled, which was not done; but this is not the correct rule. Had the demurrer been sustained, instead of being overruled, the foregoing rule would have obtained, for, when a court

sustains a demurrer, the effect of such ruling is to eliminate from the case all further consideration of the point involved, but, when the demurrer is overruled, the fault of the pleading, or the objectionable matter, sought to be eliminated, is retained in the case and affects its whole subsequent history, and the error committed by the court can be examined when the whole case is considered on appeal, provided the appeal in the case proper is seasonable (*Wails et al. v. Farrington,* 27 Okla. 754, 116 Pac. 428, 35 L. R. A. [N. S.] 1174; *Love, Sheriff, et al. v. Cavett,* 26 Okla. 179, 109 Pac. 553; *Mechanics', etc., Bank v. Harding,* 65 Kan. 655, 70 Pac. 655; *Connor, Sheriff, etc., v. Wilkie,* 1 Kan. App. 492, 41 Pac. 71), whereas, if the matter attacked by the demurrer is eliminated from the case by sustaining the demurrer, the error must be cured by appeal direct from the order sustaining said demurrer and within the statutory time allowed for appeal.

From a consideration of the foregoing, it follows that the judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.