**MISSOURI PACIFIC RY. CO. v. KNIGHT, Adm'x, et al.**

No. 13071 –Opinion Filed April 21, 1925.

Rehearing Denied July 7, 1925.

**1. Appeal and Error—Appealable Orders—Overruling Demurrer.**

The overruling of defendant's demurrer to a pleading, which does not terminate the litigation, is not a ruling or judgment that will support an appeal to this court.

**2. Same—Dismissal.**

Such an appeal does not present any question which this court may review, and the appeal will be dismissed.

(Syllabus by Sthepenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Dessie Knight against the Missouri Pacific Railway Company et al. to set aside a judgment rendered in the cause in favor of the administratrix, and the next of kin of W. A. Knight, deceased. The Missouri Pacific Railway Company filed demurrer to the pleadings, which was overruled.

The railway company brings error. Dismissed.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

Maben & Pitman, for defendants in error.

Opinion by STEPHENSON, C. W. A. Knight lost his life while an employ of the Missouri Pacific Railway Company as a switchman; Bertha Knight, his widow, as administratrix, commenced her action against the railway for the use and benefit of the estate of the decedent, and the next of kin; judgment went for the plaintiff, and was distributed to Bertha Knight, widow, Myrtle Knight, and Edward Knight, children of the deceased. Dessie Knight, who alleged that she was one of the children of the decedent, later filed application in the original cause to set aside the judgment on the ground of fraud committed by the administratrix in precluding her from the recovery. She prayed that the judgment be set aside, and that she be permitted to recover of the railway such damages as she suffered by the wrongful death of her father. The railway company filed demurrer to the application to set aside the judgment, which was overruled by the court. The railway has appealed from the overruling of the demurrer to this court by transcript.

The applicant makes the point that the action of the court in overruling the defendant's demurrer is not an appealable order.

The action of the court in overruling the defendant's demurrer did not terminate the further defenses which the defendant might make in the proceeding. The burden is on the applicant to show legal grounds for setting aside the judgment, and to establish her right to relief in the action against the railway company. The defendant may interpose an objection to the introduction of evidence to establish the applicant's right to set aside the former judgment, and to recover in the action; the defendant may interpose a demurrer to the sufficiency of the evidence to support the relief prayed for by the applicant; the defendant may appeal from adverse rulings on the demurrers. The defendant may interpose these demurrers even though it should not file an answer in the cause, for the reason the burden is on the applicant to establish her right to relief by sufficient and competent evidence. The action of the court in overruling the defendant's demurrer did not ter-

minate the litigation adversely to the defendant.

The statute and rules of procedure should be construed and applied so as to prevent piece-mealing in the prosecution of a suit, or its defenses. It is the purpose of the statute that a suit pass through the final stages of its trial below before it is brought here on appeal. Such procedure expedites the final termination of the litigation, and at the same time enables this court to pass upon all legal questions involved in the action with the entire record before it.

The appeal of the plaintiff in error is not predicated upon a reviewable order, and should be dismissed. Exchange Oil Co. v. Crews, 90 Okla. 245, 221 Pac. 674.

It is recommended that the appeal be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 481. § 312; (2) 4 C. J. p. 571, § 2380.