## HUTCHISON v. WILSON et al.

No. 18129. Opinion Filed June, 12, 1928.

Rehearing Denied April 9, 1929.

James P. Gilmore and J. G. Hutchison, for plaintiff in error.

C. R. Thurlwell and Paul A. Wilson, for defendants in error.

TEEHEE, C. In this cause Paul A. Wilson, Charles W. Good, Ralph H. Good, Henry D. Cheney, Peter L. Evans, and Laura P. Leffler, as plaintiffs, sued Irene Lewis, Ellen Pauley, J. G. Hutchison, Lelia P. Rogers, and the unknown heirs of John Cox, deceased, Daniel Cox, deceased, and William Flanley, deceased, as defendants, to quiet the title of plaintiffs to certain real property situated in Tulsa county, which it was alleged they acquired and became possessed thereof by deed of conveyance on March 11, 1905, and May 14, 1906, from the known

heirs of said decedents, and in which property the named defendants claimed some right, title and interest.

The defendants Lewis and Pauley filed a disclaimer. The defendant Rogers does not appear to have filed any pleading. Defendant Hutchison answered: First, by general denial and admission of his claim of adverse interest; second, by a misjoinder of parties plaintiff under a general allegation in his answer that plaintiffs were not joint owners or tenants in common, but that they each were claiming separate and distinct portions of the property involved by separate and distinct titles; and, third, by cross-petition against the plaintiffs and his co-defendants based on a contract of employment entered into on November 2, 1925, with the defendant Irene Lewis as the sole heir of said property joined by her husband for the recovery of such property, whereunder he, Hutchison, acquired a lien on an undivided one-half interest therein in security of his compensation, and further pleaded certain transactions subsequent to his contract by and between plaintiffs and his co-defendants with another who was not made a party to this action engaged by him to assist in the prosecution of the contract, which transactions it was alleged were in fraud of his rights acquired under said contract of employment; whereupon, he prayed judgment against plaintiffs and his codefendants in accordance with the terms of said contract.

To the answer and cross-petition plaintiffs demurred generally for insufficiency to constitute a defense and a cross-cause of action, and specially for want of capacity to maintain the defense and cross-action, and that the alleged cause of defense and cross-action are barred by the statute of limitations.

Upon hearing, the court overruled the demurrer as to the first defense set up in plaintiff's answer, and sustained the demurrer to the second defense of misjoinder of parties plaintiff, and to the third defense by cross-petition. The defendant Hutchison, refusing to further plead, judgment of dismissal was entered as to the second and third defenses pleaded, from which the defendant Hutchison perfected this appeal.

Defendant contends that the court erred in sustaining the demurrer to his plea of a misjoinder of parties plaintiff set up in his answer as his second defense, and that the court erred in sustaining the demurrer to his cross-petition set up in his answer as the third section of his defense.

From the record before us it appears that the case is still pending in the trial court for final determination upon the plaintiff's petition and defendant Hutchison's first section of his defense. This is clearly shown from the journal entry of judgment, the relevant part thereof being as follows:

"Said demurrer was presented and argued to the court, and the court having seen, heard and considered said first amended answer and cross-petition and said demurrer, and having heard and considered the arguments of counsel thereon, and being fully advised in the premises overrules said demurrer as to the first defense, pleaded and contained in said first amended answer and cross-petition, and set forth in subdivision 1, page 1 thereof, and further sustains said demurrer as to the second defense, pleaded and contained in said first amended answer and cross-petition, and set forth in subdivision II, page 2 thereof, and further sustains said demurrer as to the third defense and cross-petition pleaded and contained in said first amended answer and cross-petition, and set forth in subdivisions I to XIII, inclusive, pages 2 to 10 inclusive thereof; to all of which actions, rulings, orders and judgments of the court, said defendant J. G. Hutchison now duly excepts, and, in open court, gives notice of appeal from each and all of said actions, rulings, orders and judgments of the court, to the Supreme Court of Oklahoma.

"And the said defendant J. G. Hutchison thereupon and now elects to and does stand upon his said first amended answer and cross-petition, as pleaded, and the allegations as therein set forth and contained, and refuses to further plead, and thereupon the court does find each and every one of the issues in said second defense pleaded and contained in said answer, in favor of the plaintiffs and against said defendant; and does find each and every one of the issues in said third defense and cross-petition in favor of the plaintiffs, and against the defendant J. G. Hutchison.

"It is, therefore, by the court, considered, ordered, adjudged and decreed, that the defendant J. G. Hutchison, in and on his second defense, pleaded and contained in said first amended answer and cross-petition, have and take nothing in his favor, and against the plaintiffs herein, and that said second defense be and the same is hereby dismissed.

"And it is, therefore, by the court further considered ordered, adjudged and decreed, that the defendant J. G. Hutchison, in his third defense, and in and on his cause or causes of action, and each of them, pleaded and contained in said first amended answer and cross-petition, have and take nothing against the plaintiffs herein, and that the same be, and hereby is, dismissed. To which actions, rulings, judgments and decrees of the court, and each of them, and each rul-

ing therein contained, the defendant duly excepts, and in open court gives notice of appeal to the Supreme Court of the state of Oklahoma."

It thus appears that the defendant Hutchison elected to stand on the first section of his defense, which, as noted, was a general denial and admission of his claim of adverse interest to the plaintiffs, and that no final judgment was rendered upon that phase of the case in favor of the plaintiffs as against the defendant Hutchison. Though the parties have briefed the cause upon the merits of the second and third sections pleaded by defendant in his first amended answer and cross-petition, in the state of the record, it appears that there is nothing before us for consideration.

In Tobley v. Dekinder, 85 Okla. 288, 206 Pac. 201, this court held as follows:

"An appeal does not lie to this court from an order overruling a demurrer of the plaintiffs to portions of the defendants' answer, which order overruling the demurrer leaves the parties in court to have the issues tried on its merits."

In addressing itself to the reasons of the holding, the court said:

"If such orders as entered in this case were appealable to this court for review before final judgment, there would never be any end to litigation. The errors complained of in this matter can be excepted to, and when the final disposition is made of the case, and the final judgment or decree entered determining the respective rights of the parties, be reviewed by this court on appeal. This court can then pass upon such questions as may be necessary. It may be the plaintiffs will be unable to establish their claim and the errors herein become immaterial, and likewise they may prevail in the lower court and the errors be immaterial."

In Missouri Pacific Ry. Co. v. Knight, 111 Okla. 21, 238 Pac. 192, it was held:

"The overruling of defendant's demurrer to a pleading, which does not terminate the litigation, is not a ruling or judgment that will support an appeal to this court."

In the body of the opinion of that case, this language was employed:

"The statute and rules of procedure should be construed and applied so as to prevent piece-mealing in the prosecution of a suit, or its defenses. It is the purpose of the statute that a suit pass through the final stages of its trial below before it is brought here on appeal. Such procedure expedites the final termination of the litigation, and at the same time enables this court to pass upon all legal questions involved in the action with the entire record before it."

In the cause at bar, it clearly appears from the record that the action of the court in disposing of the demurrer, though the language of the court took the form of a final judgment as to the points of the demurrer by the court sustained, was nevertheless but an intermediate disposition thereof, hence, in character, dignity and effect, the judgment is an interlocutory order entered during the pendency of the cause, which left the parties in court with the controversy between them to be determined upon the issues framed by the remaining pleadings wherein no final judgment was rendered. It clearly appears also that the defendant Hutchison timely saved and preserved his exceptions to the sustension of the demurrer which he may properly urge on appeal if eventually he may deem it to be appropriate to call into exercise the appellate jurisdiction therein.

As we are obliged to deal with the record as we find it, it must logically follow, under the foregoing authorities, that in the state thereof no point is thereby presented which requires our consideration of the merits thereof.

Accordingly, the appeal is hereby dismissed.

FOSTER, LEACH, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.