## WALDOCK v. STATE ex rel. FINNEY, Co. Atty., et al.

No. 19349. Opinion Filed Oct. 28, 1930.

Rehearing Denied Dec. 23, 1930.

W. T. Williams and J. N. Fortner, for plaintiff in error.

Tom Finney, Co. Atty., for defendants in error.

ANDREWS, J. The state of Oklahoma, on the relation of the county attorney of McCurtain county and board of county commissioners of McCurtain county, filed a petition in the district court of McCurtain county against the plaintiff in error, as defendant, for the recovery of money judgment. The defendant did not demur to that petition, but filed an answer and amendment to the answer in which he set forth what he denominated affirmative defenses. The plaintiff filed a motion to strike certain parts of the answer. The trial court sustained the motion and struck the parts questioned. From that order an appeal was taken to this court by transcript.

It is here contended by plaintiff in error that the allegations of the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and that there was error in the striking of the portions of the answer.

There was no attack made upon the sufficiency of the petition in the trial court and the question of the sufficiency of the petition was raised for the first time in this court.

Had an attack been made in the trial court on the sufficiency of the allegations of the petition and had a demurrer based on that ground been overruled, an appeal would not lie until final judgment had been rendered. Stebbins v. Edwards, 107 Okla. 139, 231 Pac. 507; Culp v. State ex rel., 109 Okla. 6, 234 Pac. 730; Jones v. Toomey, 115 Okla. 169, 241 Pac. 1105.

This court will not permit an attack to be made in this court on the sufficiency of the allegations of a petition where no such attack was made in the trial court and where the petition shows that the trial court had jurisdiction of the subject-matter of the action.

"Where plaintiff has presented his case to the trial court upon a certain and definite theory, he may not present the cause to this court upon any theory not presented to the court below, and this court will refuse to determine a question raised for the first time in this court unless it clearly appears to be jurisdictional." Adams v. Berry-Beall Dry Goods Co., 99 Okla. 86, 225 Pac. 927.

The petition in this case shows that the trial court had jurisdiction of the subject-matter of the action.

The motion to strike parts of the answer and the order of the court thereon were not incorporated in a case-made or bill of exceptions, and the error of the court, if any, in sustaining that motion cannot be considered on the transcript filed in this case.

Motions presented in the trial court, rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented to the Supreme Court for review by case-made or bill of exceptions; and, when not so presented, the ruling of the trial court on such motions will not be reviewed by this court. Harris v. Tupeker, 96 Okla. 117, 220 Pac. 634; Denson v. Frame, 98 Okla. 132, 224 Pac. 311; Van Zant v. Reed, 109 Okla. 86, 234 Pac. 623.

If we consider the motion of the plaintiff to strike as a demurrer to the parts of the answer, as announced in Adams v. Webb, 104 Okla. 180, 230 Pac. 878, then we have a demurrer sustained to a part of the answer, leaving the remainder of the answer which presents issues as to the allegations of the petition. That brings the facts squarely within the rule announced in Hutchison v. Wilson, 136 Okla. 67, 276 Pac. 198, wherein this court held:

"An appeal does not lie to the Supreme Court from an order sustaining a demurrer to portions of the defendant's answer and cross-petition which leaves the cause pending in the trial court for final disposition upon plaintiff's petition and a defense interposed by defendant controverting the

merits of plaintiff's action, as to which defense the demurrer was overruled."

There being nothing before this court that can be reviewed by this court, the appeal is dismissed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.