## JONES & SPICER v. ADVANCE-RUMLEY THRESHER CO., Inc.

No. 20851. Opinion Filed Feb. 23, 1932.

Rehearing Denied April 26, 1932.

E. W. Schenk and Dolman & Dyer, for plaintiff in error.

Potter & Potter, for defendant in error.

RILEY, J. This is an action commenced May 21, 1928, by defendant in error, herein referred to as plaintiff, against plaintiffs in error, herein referred to as defendants, to recover upon 21 promissory notes executed by defendants July 28, 1925, payable to plaintiffs or order.

The petition is in the usual form and contains an allegation:

"Plaintiff alleges that consideration for said notes was the sale by the plaintiff to the defendants of two 1½-2 ton trucks; that the notes were not given for borrowed money; that there is no usury on said notes and the usury laws of the state of Oklahoma have not been broken by this transaction."

Defendants filed an answer and counterclaim. The answer admitted the execution and delivery of the notes and denied that plaintiff was owed anything thereon. The counterclaim, in substance, alleges that the notes sued upon were given as part of the purchase price of two trucks as alleged in the petition, and that defendants executed

said notes by reason of certain false and fraudulent representations made by plaintiff's agent:

"That when Jones, agent for the plaintiff, of Dallas, Tex., came to the defendants to sell them the trucks, the defendants asked him about getting parts for said trucks, in case of a breakdown, and said agent told the defendants that they carried the parts to said trucks at Dallas, Tex., and they could get any repairs they might need within twelve hours. That defendants told him that they did not want the trucks unless they could get parts immediately; that they were engaged in oil field hauling, and that they could not afford to wait for parts to be shipped from distant points and lose several days' work. That the agent, Jones, assured them many times they could get all their parts at Dallas at any time, because they carried the parts at all times."

Damages were prayed for on account of the alleged false and fraudulent representations.

Plaintiff demurred to the counterclaim upon the ground:

"That the same does not state facts sufficient in law to constitute a counterclaim for the reason that it is based upon prior parol negotiations and representations not embraced in the subsequent written contract."

The demurrer to the counterclaim was sustained by an order signed by the trial judge October 5, 1928. The minutes of the court clerk show that the court on its own motion, on the next day, set aside the order sustaining the demurrer. On January 18, 1929, the trial judge signed another journal entry sustaining the demurrer to the counterclaim. At neither time did defendant ask leave to amend their answer or counterclaim. Without further pleadings being filed the cause was set for trial April 11, 1929, and a jury being waived, plaintiff introduced a part of his evidence, whereupon the cause was passed until April 16th, at which time the notes being introduced in evidence, plaintiff rested its case, and defendants demurred to the evidence. Demurrer was overruled, and defendants offered no evidence, and judgment was rendered for plaintiff for the amount sued for.

The only question presented as error is the action of the trial court in sustaining the demurrer to defendants' counterclaim. The last sentence in the reply brief of defendant is:

"It is sufficient, we think, to state that the only assignment of error relied upon by the plaintiff in error in this case is the first one

to wit, that the court erred in sustaining the demurrer to the counterclaim contained in the answer of the plaintiff in error."

This being the case, a question then arises which is not raised or suggested by either party, but which goes directly to the jurisdiction of this court to consider the error mentioned.

In Howard v. Arkansaw, 59 Okla. 206, 158 P. 437, it was held that the Supreme Court should examine into its jurisdiction, though no question be raised in respect thereto by either party.

This court, in Jones v. Toomey, 115 Okla. 169, 241 P. 1105, quotes with approval from 3 C. J. 372:

"It is the duty of the court to determine the question of its jurisdiction of its own motion, and it will not ignore a want of jurisdiction because the question is not raised or discussed by either party."

The order sustaining the demurrer was finally entered January 18, 1929. The petition in error with case-made attached was not filed in this court until October 29, 1929, more than nine months after the order complained of was entered. It has frequently been held by this court that it cannot determine whether the district court erred in sustaining a demurrer to a petition when the petition in error and case-made are filed more than six months after the ruling, though within six months from refusal of a new trial. Morrison v. Green Comm. Co., 61 Okla. 287, 161 P. 218; Guess v. Reed, 49 Okla. 124, 152 P. 399. A like rule was applied before the amendment reducing the time for commencement of proceedings in error from one year to six months. Holland v. Beaver, 29 Okla. 115, 116 P. 766; Reynolds v. Phipps, 31 Okla. 788, 123 P. 1125; Rhome Mill. Co. v. Farmers & Merchants Bank, 40 Okla. 131, 136 P. 1095.

In Western Union Telegraph Co. v. Dobyns, 41 Okla. 403, 138 P. 570, it was held that an appeal from an order sustaining a demurrer must be taken within one year after the order is made.

The reason for the difference in the rule where a demurrer is sustained and where the demurrer is overruled is stated in the body of the opinion in the latter case as follows:

"Counsel for plaintiff contend that we are without jurisdiction to examine the foregoing assignments of error as raised by the telegraph company, for that, the points involved having been raised by it in the trial court by demurrer and the demurrer having

been overruled, the appeal should have been prosecuted from the order of the trial court in overruling the demurrer and brought to this court within one year from the day the same was overruled, which was not done; but this is not the correct rule. Had the demurrer been sustained, instead of being overruled, the foregoing rule would have obtained, for, when a court sustains a demurrer, the effect of such ruling is to eliminate from the case all further consideration of the point involved, but, when the demurrer is overruled, the fault of the pleading, or the objectionable matter, sought to be eliminated, is retained in the case and affects its whole subsequent history, and the error committed by the court can be examined when the whole case is considered on appeal, provided the appeal in the case proper is seasonable * * * whereas, if the matter attacked by the demurrer is eliminated from the case by sustaining the demurrer, the error must be cured by appeal direct from the order sustaining said demurrer and within the statutory time allowed for appeal."

In the instant case the answer of defendant stated no defense to plaintiff's petition, for it admitted the execution and delivery of the note sued upon. The only matter relied upon by defendant and attacked by the demurrer was eliminated from the case by the order sustaining the demurrer entered January 19, 1929, if not by the order entered October 5, 1928. In either case the order was entered more than six months before the petition in error and case-made were filed in this court. It follows that this court is without jurisdiction to determine the only question raised, and the appeal should be, and is hereby dismissed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.

---

On Petition for Rehearing.

KORNEGAY, J. (dissenting). I desire to register a dissent as against the action of the court in overruling the petition for a rehearing in this case, which was done by an order of April 26, 1932.

An examination of the case-made shows that the plaintiffs in error were sued on a series of promissory notes that were drawn at Healdton, Okla., and payable at Healdton, representing the purchase price of two trucks. The original petition alleged no usury in the notes and asked for judgment in accordance with their terms. Most of the notes sued upon were more than eight months from date to maturity.

The defendant denied owing anything on the notes and also set up a counterclaim, arising out of the transaction resulting in the purchase of the trucks based upon a representation as to carrying repairs for the trucks at Dallas, Tex., and a statement that any repairs for the trucks could be gotten within twelve hours. Among other things pleaded was that the purchasers told the agent that they did not want the trucks, unless they could get repairs promptly, and they were falsely assured that the repairs would be promptly furnished. There was an allegation that by reason of not furnishing the repairs, the trucks were idle a good deal of the time, and a prayer for damages arising therefrom. There was an allegation of having to discard the trucks because they were not able to get repairs.

A general demurrer to the petition had been overruled. The record shows that after the sustaining of the demurrer to the cross-petition, a trial was begun on the 11th of April, 1921, between the parties, and that on objection to the introduction of the notes without a showing of taxes paid on them, a continuance was granted for the purpose of getting in communication with the representative of the plaintiffs at Dallas, and that after some colloquy as to how much had been paid on them, objection was raised by the counsel for the defendant to their introduction, because the taxes had not been paid, and the court ruled that they were not admissible until the taxes were paid, and that when they were paid the notes were admissible, and the case was continued that day to be taken up later, subject to call.

On the 16th of April, parties appeared again, and a letter from the Advance-Rumley Thresher Company was introduced, showing the history of the notes, over objections and exceptions. The gist of the letter was that the notes were executed at Healdton, and forwarded to the Dallas, Tex., branch, and from there they were forwarded to the home office in Laporte, Ind., where they remained until a short while before maturity, and were then forwarded to the First National Bank at Healdton for collection, and on refusal to pay were turned over to Cruce & Potter, attorneys. The notes were then introduced by leave of court.

The record does not show what view the court had of the statements of the letter as evidence of nonliability for tax, but it does show a demurrer by the defendant to the evidence, which was overruled and exceptions taken, and that the defendant declined to offer any proof, and final judgment was rendered for the plaintiff, followed by motion for new trial and its overruling, and case-made brought here within six months

after judgment overruling the motion. The point raised with reference to taxes does not seem to have been specially passed on by the court, except in the general rendition of judgment.

The briefs in the case do not raise the point of the proceeding in error not being taken in time, and for the first time the suggestion comes from the opinion that it was not taken in time. The syllabus to the case is as follows:

"1. It is the duty of the court to determine the question of its jurisdiction of its own motion, and it will not ignore a want of jurisdiction because the question is not raised or discussed by either party.

"2. The Supreme Court cannot consider whether a district court erred in sustaining a demurrer to a counterclaim filed by a defendant in an action upon a promissory note, where such alleged error is the only question presented and the petition in error and case-made are filed in the Supreme Court more than six months after the ruling of the trial court was made."

Certain cases are cited in the opinion as a foundation for its soundness. The petition for rehearing calls attention to the cases of Hutchinson v. Wilson, 136 Okla. 67, 276 P. 198, and Waldock v. State ex rel. Finney, Co. Atty., 146 Okla. 257. 293 P. 1023, as being cases unnoticed in the original opinion and not called to the court's attention. It also discusses the cases that are cited in the opinion as a foundation for the dismissal of the proceeding.

An examination of the cases relied on in the opinion is convincing that they do not justify the dismissal. The first one of the cases, Morrison v. Green Commission Co., 61 Okla. 287, 161 P. 218, was a decision rendered by Commissioner Galbraith. The language of the Commissioner indicates that he did not look to the statutes so much as to chance expressions in some opinions. He quoted section 5255, Revised Laws 1910, as amended by the Session Laws of 1910-11, ch. 18, providing that all proceedings for reversing, vacating, or modifying judgments or final orders, shall be commenced within six months from the date of rendition of judgment or final order complained of, apparently not noticing some other provisions that appear to be very relevant, one of which was section 5236, Revised Laws 1910, which is as follows:

"5236. Jurisdiction of Supreme Court. The Supreme Court may reverse, vacate or modify judgments of the county, superior or district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior or district court, or a judge thereof:

"First. A final order.

"Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses vacates, or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm, the report of a referee; or sustains or overrules a demurrer.

"Third. An order that involves the merits of an action, or some part thereof."

That section has been carried forward into C. O. S. 1921, as section 780, and appears to be in the same language.

Among other cases, Western Union Telegraph Co. v. Dobyns, 41 Okla. 403, 138 P. 570, is cited, which comes nearer sustaining this case than any of them, apparently. However, that was the sustaining of a demurrer to one count of the petition of the plaintiff. That portion of the case, consisting of a separate cause of action in which the demurrer was sustained, passed out of it, because it was a final adjudication that the plaintiff had no cause of action on that branch of his case. The syllabus in the case seems to more concisely state the reason for the rule than the quoted part of the opinion, the 6th section being as follows:

"6. This court will review an order overruling a demurrer, although the statutory time for taking an appeal therefrom has expired, provided the proceeding in error to review the final judgment in the action has been commenced within the statutory period."

The late cases of this court are not referred to in the opinion. Two of them are called to our attention in the petition for rehearing. The first is Hutchinson v. Wilson, 136 Okla. 67, 276 P. 198. The syllabus in that case, which was decided by this court on the 12th of June, 1928, rehearing denied April 9, 1929, is far-reaching when viewed in the light of the second paragraph declaring what orders may be brought to this court for review. It was approved by the Justices in office at that time, among those being two Justices of the present court, both of whom concur in denying a petition for rehearing in this case. The syllabus is as follows:

"An appeal does not lie to the Supreme Court from an order sustaining a demurrer to portions of the defendant's answer and cross-petition which leaves the cause pending in the trial court for final disposition upon plaintiff's petition and a defense

interposed by defendant controverting the merits of plaintiff's action, as to which defense the demurrer was overruled."

It would necessarily follow, therefore, from that decision, if the plaintiff' in error cannot complain in this proceeding of what has been done to him in the court below, in sustaining a demurrer to his cross-petition, that he has no remedy at all. In that cited case, final judgment was rendered on the cross-petition, as appears from the order set out in the opinion. A case of Tobley v. Dekinder, 85 Okla. 288, 206 P. 201, is quoted from in that case, and the extract is as follows:

"If such orders as entered in this case were appealable to this court for review before final judgment, there would never be any end to litigation. The errors complained of in this matter can be excepted to, and, when the final disposition is made of the case, and the final judgment or decree entered determining the respective rights of the parties, be reviewed by this court on appeal. This court can then pass upon such questions as may be necessary. It may be the plaintiffs will be unable to establish their claim and the errors herein become immaterial, and likewise they may prevail in the lower court and the errors be immaterial."

Quotation is taken from the case of Missouri Pac. Ry. Co. v. Knight, 111 Okla. 21, 238 P. 192, quoting the syllabus and the language. Language could not be plainer than is carried in those cases, which have been approved by this court recently.

The case of Tobley v. Dekinder, cited above, was a Supreme Court opinion with no dissent. That case goes back to Potter v. Hall, 11 Okla. 172, 65 P. 841, and to the case of Okla. City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934.

The case of Waldock v. State, 146 Okla. 257, 293 P. 1023, is likewise called to our attention in the petition for rehearing, and quotation is made therefrom. The third section of the syllabus in that case is as follows:

"3. An appeal does not lie to the Supreme Court from an order sustaining a demurrer to portions of the defendant's answer which leaves the cause pending in the trial court for final disposition upon plaintiff's petition and a defense interposed by defendant controverting the merits of plaintiff's action, as to which defense the demurrer was overruled."

There is another more elaborate case, however, that has been passed on by this court recently, Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294. The opinion was filed on the 26th of March, 1929, rehearing denied June 11, 1929, the opinion being written by Justice Andrews and concurred in by Justices Lester, Clark, Riley, Hefner, Cullison, and Swindall. The eighth syllabus paragraph in that case is as follows:

"The party aggrieved by any order made by the court or judge thereof in an action before judgment, and which is not a final order, may save his exceptions and have such order reviewed by this court when brought up by proper proceedings in error to review the judgment rendered by the trial court, notwithstanding more than six months have elapsed since the making of such order, provided the petition in error is filed in this court within the statutory period of time to give this court jurisdiction to review the judgment."

The case of Wells v. Shriver, 81 Okla. 108, 197 P. 460, after a lengthy review, decides that the statutes control.

Tested by these court declarations, it seems to me that this party ought not to have been thrown out of court in this manner. The statute itself, however, if we will discard all of the decisions, will probably give the best answer to the rights of the parties in this case. Section 780, C. O. S. 1921, quoted above as section 5236, Revised Laws 1910, it seems to me, explains itself. It prescribes the jurisdiction of this court, and for the reversal, vacation, or modification of judgments of the county, superior, or district courts for errors appearing on the record. It especially provides as follows:

"* * * and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof."

Most clearly, under that section, on review of the final judgment, any of the orders, regardless of date, provided for therein, can be considered. The second subdivision empowers this court, instead of waiting for the final judgment, to vacate a final order or an order granting a continuance, or which discharges, vacates, or modifies a provisional remedy, or grants, refuses, vacates, or modifies an injunction, or which grants or refuses a new trial, or confirms or refuses to confirm the report of a referee, or sustains or overrules a demurrer, or an order that involves the merits of an action, or some part thereof.

Most clearly, this language confers upon the litigant, who is aggrieved, the right to bring at once to this court the orders affecting his interests in the instances cited. It also confers upon him the right to allow those orders to remain until the final judgment is had, and to present them on its review. Such being the plain language of the statute, I think that if the court had

looked to it, instead of trying to find cases, perhaps the parties now complaining would have been out of this court some time ago with a decision on the merits of their case.

There seem to have been two things that they had a right to complain of, and which they did complain of. One was the failure of the selling company to keep its promise or representations with reference to furnishing repairs in order to keep the trucks running that were sold. The other question was largely a question of taxation, and its enforcement, as to whether or not the plaintiff had a right to recover on the notes without the tax being paid, should have been passed on by this court. Had its previous decisions been followed, in my judgment, the letter from the house at Dallas would not exonerate from tax payment. As to the merits of the case, it is only a question of somebody losing some money. As to the procedure in this case, it is far-reaching, and goes to that which is vital in our procedure. If the holding in the present case is the law for other cases, we can look for a flood of appeals, at the hands of lawyers that are diligent in the interest of their clients, and the piecemeal litigation referred to is likely to fill our dockets much fuller than they are now. Probably we sometimes save by dismissing the complaints of litigants, but in the long run patient endeavor surpasses speed. We should not destroy after the manner of sightless Samson.

Entertaining these views, I register this dissent.